RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 NOV 14  PM 4: 39

NANCY M.
MAYER-WHITTINGTON
CLERK

Margaret A. Esquenet (BAR # 468267)
margaret.esquenet@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT, & DUNNER, L.L.P.
901 New York Ave. N.W.
Washington, D.C. 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Of counsel:*
Richard L. Stroup
richard.stroup@finnegan.com
Andrew C. Sonu
andy.sonu@finnegan.com
Parmanand K. Sharma
anand.sharma@finnegan.com
Charles H. Suh
charles.suh@finnegan.com
Kia L. Freeman
kia.freeman@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT, & DUNNER, L.L.P.
901 New York Ave. N.W.
Washington, D.C. 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Attorneys for Defendant Phicom Corporation

Case: 1:07-mc-00497
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/19/2007
Description: Miscellaneous

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FORMFACTOR, INC.**, a Delaware
Corporation,

                    Plaintiff,

          v.

**PHICOM CORPORATION**, a Korean
Corporation,

                    Defendant.

CIVIL ACTION No. 05-6062-HO
Pending in the United States District Court
for the District of Oregon

District Judge _____

**DEFENDANT PHICOM CORPORATION'S
NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY
FROM THIRD PARTIES
ECONOMIC STRATEGY INSTITUTE AND
CLYDE V. PRESTOWITZ, JR., AND
MEMORANDUM IN SUPPORT THEREOF**



Fee pd
$39.00

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FORMFACTOR, INC.**, a Delaware Corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>**PHICOM CORPORATION**, a Korean Corporation,<br><br>               Defendant. | CIVIL ACTION No. 05-6062-HO<br>Pending in the United States District Court<br>for the District of Oregon<br><br>District Judge _____ |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____, 2007, at _____, or as soon

thereafter as counsel may be heard by a Judge of the Court, Defendant Phicom Corporation will

and hereby does move the Court to order third parties Economic Strategy Institute ("ESI") and

Clyde V. Prestowitz, Jr. to produce all documents and information responsive to the subpoenas

served on July 9, 2007 and July 17, 2007 respectively.  This motion is based on this Notice of

Motion and Motion, the Memorandum of Points and Authorities, and such other arguments and

evidence as may properly come before the Court.  Phicom files with this motion copies of the

subpoenas and the objections.  (*See* Exhibit A, Subpoena to ESI; Exhibit B, Objections to Ex. A;

Exhibit C, Subpoena to Mr. Prestowitz; Exhibit D, Objections to Ex. C.)  Phicom further submits

website materials from ESI, which state that ESI and Mr. Prestowitz are third parties who,

among other things, offer "private consultation to government and business leaders" and "help[]

shape strategy for a number of multinational corporations."  (Declaration of Kia Freeman,

Exhibit 1.)

This is a Miscellaneous Filing, in particular a motion to compel third parties to produce

documents sought in a patent infringement case pending in the District of Oregon.  The

subpoenas issued from this Court because the third parties are located in this district.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Under Federal Rules of Civil Procedure 37 and 45, Defendant Phicom Corporation in the underlying case ("Phicom") moves for an order compelling third parties, Economic Strategy Institute ("ESI") and its president and founder Clyde V. Prestowitz, Jr., to produce documents and information in response to the subpoenas served on July 9, 2007 and July 17, 2007, respectively. Even though neither third party moved to quash or modify their subpoena, neither ESI or Mr. Prestowitz has produced any documents or testified in response to Phicom's subpoenas. Represented by trial counsel for Plaintiff in the underlying case, they have given absolutely no discovery.

The objections that ESI and Mr. Prestowitz made on July 20, 2007, do not justify their lack of production. In addition to making stock objections unrelated to the merits of the requests, ESI and Mr. Prestowitz objected to their subpoenas as seeking documents that are not relevant to the claims or defenses in the underlying action, and as seeking information that is privileged or protected. But the fact that Plaintiff FormFactor, Inc. ("FormFactor") shares counsel with ESI and Mr. Prestowitz—and joined in their objections—indicates their close connection. Mr. Prestowitz, on FormFactor's behalf, made presentations to Korean government officials regarding the alleged unfairness of Korean court decisions—decisions considering prior art references and accused infringing Phicom products now under consideration by the U.S. District Court of Oregon and deciding validity and infringement issues like those before the U.S. Court. The subpoenas request documents directed to those issues and to materials Mr. Prestowitz received or relied upon to make presentations on subject matter that he otherwise had no familiarity with. On the subject of alleged privilege, Mr. Prestowitz is not a lawyer. He and ESI are third parties. Moreover, neither ESI nor Mr. Prestowitz supported their assertions of

privilege and work product protection with a description of the nature or identity of the withheld documents.  Nor did they provide a privilege log of withheld documents.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2005, FormFactor filed an action for purported patent infringement in the District of Oregon (the "underlying action"), alleging that Phicom has imported, offered to sell, used, and actually sold wafer probe card products that infringe or were made through processes that infringe patents owned by FormFactor.  Phicom denies that it is infringing any of the patents-in-suit and has filed a counterclaim seeking a declaration that FormFactor's patents are invalid, unenforceable, and not infringed.

The underlying U.S. action is just one facet of the ongoing patent disputes between the parties.  Before filing the underlying action in the District of Oregon, FormFactor had asserted corresponding Korean patents against Phicom.  Phicom's probe card products are the accused products in both the Korea action and the underlying action.  The Korean courts have issued decisions adverse to FormFactor, finding some FormFactor patents to be invalid and denying FormFactor's motion for a preliminary injunction on other patents.

Faced with these adverse Korean decisions, FormFactor chose to try to influence the Korean courts by persuading the Korean government that a decision in favor of  FormFactor and against Phicom is in its best interest.  Representing FormFactor, Mr. Prestowitz met with Korean officials and suggested that the Korean court decisions were interfering with free trade negotiations between the United States and Korea and needed to be addressed, so that free trade rights would not be lost.  Mr. Prestowitz discussed the issues disputed between FormFactor and Phicom, issues that were decided by the Korean courts and issues that are now before the U.S. courts.

After learning of Mr. Prestowitz's efforts, Phicom served similar subpoenas on both ESI and Mr. Prestowitz to discover the documents and information related to the meeting(s) with Korean officials. Through representation provided by FormFactor's trial counsel, ESI and Mr. Prestowitz refused to produce any documents, or testimony.

## III.   ESI AND MR. PRESTOWITZ SHOULD BE COMPELLED TO COMPLY WITH THE SUBPOENAS

### A.   Legal Standard

Pretrial discovery is ordinarily "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Parties may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Moreover, the information sought need not be admissible at trial if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *see also Pierce v. Pierce*, 5 F.R.D. 125, 125 (D.D.C. 1946). As such, the party resisting discovery has the burden to show that discovery should not be allowed, *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), and "the burden of clarifying, explaining, and supporting its objections," *Oakes v. Havlorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). *Accord Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190-911 (D.C.D.C. 1998) (rejecting conclusory objections to discovery as insufficient).

### B.   The Discovery Sought is Not Privilege Or Protected.

ESI and Mr. Prestowitz objected to all but one of the subpoena requests "*to the extent [that they call] for the production of any information protected by the attorney-client privilege,*

3

the attorney-work-production doctrine, or any other applicable privilege or protection."
(emphasis added).  But neither ESI or Mr. Prestowitz has explained why any privilege or
protection might apply to requested documents and information.

Where information is withheld based on a claim of privilege or protection, the
subpoenaed party must support their claim with "a description of the nature of the documents,
communications, or things not produced that is sufficient to enable the demanding party to
contest the claim." Fed. R. Civ. P. 45(d)(1)(D).  Privilege generally attaches to confidential
communications between a lawyer or his agents and a client when legal advice is either sought or
given. *See Fisher v. U.S.*, 425 U.S. 391, 403 (1976).  The work product doctrine generally
protects documents prepared by or for a party in anticipation of or in preparation for litigation.
*See, e.g.,* Fed. R. Civ. P. 26(b)(3).

Since neither ESI or Mr. Prestowitz is a lawyer, the requested documents and information
cannot be confidential communications regarding their legal advice.  *See, e.g.,* Exs. B & D,
Subpoena category 29 (seeking "documents and things that Mr. Prestowitz has considered that
provide him with any bases to opine on the validity, infringement, or enforceability of any
patents or rights FormFactor has or may assert against Phicom").  Moreover, the objection by
ESI, Mr. Prestowitz, and FormFactor—that the requested documents lack relevance to the
underlying action—tends to establish that the requested documents were not prepared by ESI or
Mr. Prestowitz for the underlying action.  *See, e.g., id.,* Subpoena category 13 (seeking
"documents and things provided by Mr. Prestowitz or ESI to any FormFactor-Related Entities").
Thus, no work product protection applies to the requested documents.

Even if any requested documents from FormFactor had been privileged or protected
before it was shared with ESI or Mr. Prestowitz, the subsequent possession of such materials by

ESI or Mr. Prestowitz demonstrates that FormFactor has waived that privilege and protection. *See U.S. v. Nobles*, 422 U.S. 225, 239-40 (1975).

In short, the subpoenaed documents and information are neither privileged nor protected, and the pertinent objections by ESI and Mr. Prestowitz are both equivocal and inadequate.

### C.    The Discovery Sought is Relevant to the Underlying Action.

ESI and Mr. Prestowitz objected to each of the subpoena requests on the basis that they "seek[] documents that are not relevant to the claims and defenses of the parties." Neither ESI or Mr. Prestowitz explain why the subpoena requests, *some of which specifically reference claims and defenses in the underlying action*, would not be relevant to the underlying action. *See, e.g.,* Exs. B & D, Subpoena category 1 (referring to "lawsuits between FormFactor, Inc. . . . and Phicom Corporation"); category 4 (referring to "legal actions between FormFactor or [sic] Phicom in . . . the United States"); category 14 ("referring to "lawsuits between FormFactor and Phicom"); category 29 (referring to "the validity, infringement, or enforceability of any patents or rights FormFactor has or may assert against Phicom"); category 30 (referring to "the merits of any patent infringement disputes between FormFactor and Phicom"); and category 27 (referring to the "value of any FormFactor technology or patent rights").

Phicom has reason to believe that after establishing a relationship with FormFactor, Mr. Prestowitz and/or his company ESI suggested to Korean officials that the outcome of litigation between FormFactor and Phicom could adversely affect Korea's ability to reach a free trade agreement with the United States. Phicom also has reason to believe that, in discussions with Korean officials, Mr. Prestowitz and/or ESI expressed views on the underlying issues in the Korean and U.S. cases. Phicom believes that Mr. Prestowitz and/or ESI based their opinion of the underlying action on information and materials provided by FormFactor, or representatives of FormFactor. Indeed, Phicom sees no reason Mr. Prestowitz would discuss the Korean and

U.S. cases with the Korean officials, or suggest a relationship with FormFactor, except at FormFactor's behest. Moreover, Phicom does not understand how Mr. Prestowitz could intelligibly discuss the Korean and U.S. cases with the Korean officials without a tutorial on the relevant issues by a familiar party, such as FormFactor. Phicom believes that the foregoing information and related documents are highly relevant to the underlying action and material to the parties' claims and defenses.

Subpoena categories 2-3, 5, 7-10, 13, 16, 18-19, and 23-24 seek evidence that ESI and/or Mr. Prestowitz established a relationship with FormFactor. Subpoena categories 1, 4, 6, 9-12, 14-15, 20, 22, and 27-31 seek evidence that ESI and/or Mr. Prestowitz considered information related to the underlying action and reached some conclusions about the dispute. Subpoena categories 1, 7-12, 14, 17, and 22 seek evidence of a meeting between ESI and/or Mr. Prestowitz and Korean officials and the substance of that meeting. Accordingly, Phicom believes that the subpoenaed documents and information, if not directly relevant and admissible, will lead to the discovery of evidence that would be relevant and admissible in the underlying action.

### D.     Formulaic, Stock Objections Should Be Rejected As A Basis For Noncompliance with the Subpoenas.

Given the broad and liberal reading afforded the Federal Rules of Civil Procedure, the party resisting discovery must bear the burden of clarifying, explaining, and supporting its objections. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190-911 (D.C.D.C. 1998). Pat, generic objections are not consistent with the protection afforded to a third party objecting to a subpoena. *See* Fed. R. Civ. P. 49(c)(2). In this case, the frequency, number, and nature of the objections—and their lack of factual support—make it clear that ESI's and Mr. Prestowitz's purpose is to obstruct the discovery process.

6

ESI and Mr. Prestowitz objected to twenty-five of the thirty-one subpoena requests "as vague and ambiguous." As evidence of unintelligibility, ESI and Mr. Prestowitz simply recited a phrase from the description of the category and concluded the category is vague and ambiguous. The recited phrases, however, are not vague or ambiguous. *See, e.g.,* Exs. B & D, Objection to Subpoena category 1 (reciting the phrase "concerning any relationship"); Objection to Subpoena categories 4 and 14 (reciting the phrase "lawsuits or disputes"); Objection to Subpoena category 9 (reciting the phrase "in preparation for or anticipation of"); Objection to Subpoena category 17 (reciting the phrase "summarize or otherwise report on or describe"); Objection to Subpoena categories 20 and 21 (reciting the phrase "concerning . . ."); Objection to Subpoena category 26 (reciting the phrase "all resumes").

ESI and Mr. Prestowitz objected to all but one of the subpoena requests "as overbroad and unduly burdensome." ESI and Mr. Prestowitz even objected to Subpoena categories that clearly impose little burden, as imposing undue burden. *See, e.g., id.*, Objection to Subpoena category 26 (seeking "resumes of Mr. Prestowitz"). ESI and Mr. Prestowitz each explain that the discovery burden is undue because, in their purported judgment, the requested documents and information are not relevant. *See id.*, General Objections ("Phicom's Subpoena [is] overbroad and unduly burdensome *in that it seeks material and information which are not relevant* to the claims and defenses in this action.") (emphasis added). ESI and Mr. Prestowitz, however, presented no information that suggests that providing discovery in compliance with any of the subpoenas requests would actually impose an undue burden.

The foregoing stock objections are simply an effort to obstruct discovery. Accordingly, they should be rejected, and ESI and Mr. Prestowitz should be ordered to produce documents and information responsive to the subpoenas.

## IV.     CONCLUSION

For all of the foregoing reasons, Phicom respectfully requests that its Motion to Compel be granted and that ESI and Mr. Prestowitz be compelled to produce the requested documents and that ESI and Mr. Prestowitz be compelled to pay all of Phicom's attorneys' fees and costs associated with this Motion.

Dated:  November 14, 2007

FINNEGAN, HENDERSON, FARABOW, GARRETT, & DUNNER

Margaret A. Esquenet (BAR # 468267)
margaret.esquenet@finnegan.com

*Of counsel:*
Richard L. Stroup
richard.stroup@finnegan.com
Andrew C. Sonu
andy.sonu@finnegan.com
Parmanand K. Sharma
anand.sharma@finnegan.com
Charles H. Suh
charles.suh@finnegan.com
Kia L. Freeman
kia.freeman@finnegan.com
901 New York Ave. N.W.
Washington, D.C. 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Attorneys for Phicom Corporation*

8

# Exhibit A

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FormFactor, Inc.

v.

Phicom Corporation

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** 05-6062-HO
(USDC for District of OR)

TO:    Economic Strategy Institute
       Clyde V. Prestowitz, Jr., President
       3050 K. Street, NW
       Suite 220
       Washington, DC 20007

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
     See attached Notice of Requests for Production of Documents and Things to Third Party Economic Strategy Institute, Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP<br>901 New York Ave., NW, Washington, D.C. 20001-4413 | 9:00 am, July 23, 2007 |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Charles H. Suh_   Attorney for Defendant | July 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles H. Suh, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
202.408.4000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

AO 88 (Rev 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

JEFFERY J. MATTHEWS, OSB # 97328
Email: jeffery.j.matthews@harrang.com
HARRANG LONG GARY RUDNICK, P.C.
360 East 10th Avenue #300
Eugene, Oregon 97401
Telephone:     (541) 485-0220
Facsimile:     (541) 686-6564

RICHARD L. STROUP (pro hac vice)
richard.stroup@finnegan.com
ANDREW C. SONU (pro hac vice)
andrew.sonu@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT, & DUNNER
901 New York Ave., N.W.
Washington, D.C. 20001
Telephone:     (202) 408-4000
Facsimile:     (202) 408-4400
Attorneys for Defendant and Counterclaimant
Phicom Corporation

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **FORMFACTOR, INC.**, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>**PHICOM CORPORATION**, a Korean Corporation<br><br>Defendant. | Case No. 05-6062-HO<br><br>**NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY ECONOMIC STRATEGY INSTITUTE** |
| **PHICOM CORPORATION**, a Korean Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>**FORMFACTOR, INC.**, a Delaware Corporation<br><br>Counterclaim Defendant. | |

1

NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY
ECONOMIC STRATEGY INSTITUTE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Defendant and Counterclaimant, Phicom

Corporation ("Phicom"), pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure,

requests that the third party, Economic Strategy Institute ("ESI") produce all documents and

things called for or falling within each of the subjects listed in the attached Schedule A by no

later than July 23, 2007.

Dated: July 6, 2007                    Finnegan, Henderson, Farabow, Garrett, & Dunner

                                       Richard L. Stroup (*pro hac vice*)
                                       richard.stroup@finnegan.com
                                       Andrew C. Sonu (*pro hac vice*)
                                       Parmanand K. Sharma (*pro hac vice*)
                                       anand.sharma@finnegan.com
                                       Charles H. Suh (*pro hac vice*)
                                       charles.suh@finnegan.com
                                       Telephone: (202) 408-4000
                                       Facsimile: (202) 408-4400

                                       Attorneys for Defendant and
                                       Counterclaimant Phicom Corporation

2

**NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY
ECONOMIC STRATEGY INSTITUTE**

## SCHEDULE A

1.    All documents and things concerning any relationship between either the Free Trade Agreement or negotiations between the United States and Korea regarding free trade and any disputes, disagreements, or lawsuits between FormFactor, Inc. ("FormFactor") and Phicom Corporation ("Phicom") .

2.    All documents and things concerning the initiation or formation of any relationship between Economic Strategy Institute ("ESI") and/or Mr. Prestowitz and FormFactor, or any board members, officers, employees, representatives, legal counsel, or agent of FormFactor, or any party acting on behalf of FormFactor (collectively referred to as "FormFactor-Related Entities").  Examples of responsive documents and things include, but are not limited to, engagement letters, files, and any documents concerning the scope of the subject matter of the engagement.

3.    All documents and things that were generated, presented, communicated, or shared in preparation of, during, or after any meetings (telephonic, virtual or otherwise) between any ESI personnel, such as Mr. Prestowitz, and any of the FormFactor-Related Entities. Examples of responsive documents and things include, but are not limited to, meeting minutes, slide presentations, notes, memoranda, correspondence, emails, agreements, text messages, calendar entries, meeting agenda, schedule, and task entries.

4.    All documents and things that refer to or are otherwise related to any lawsuits or disputes between FormFactor and Phicom, including but not limited to legal actions between FormFactor or Phicom in Korea or the United States.

5.    All documents and things that any FormFactor-Related Entities provided to Mr. Prestowitz or ESI.

6.    All documents and things that refer to or are otherwise related to any patents or technology previously or currently owned by FormFactor that are directed to the field of semiconductor testing.

7.    All documents and things that refer to or are otherwise related to any meeting between Mr. Prestowitz and any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyers, or any Korean government official that took place in or after January, 2006 and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

8.    All travel documents of ESI personnel, including but not limited to Mr. Prestowitz, any employee of ESI, and anyone working on behalf of ESI or Mr. Prestowitz, for any travel related to any business with or services to or for any of the FormFactor-Related Entities. Examples of responsive documents include, but are not limited to, any travel tickets

and receipts for traveling to and from Korea in or after January, 2006, and any passports used in such travels.

9.    All documents and things acquired, accessed, read, reviewed, analyzed, considered, or studied in preparation for or anticipation of any meeting with any FormFactor-Related Entities, or any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyer, or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

10.    All documents and things generated by or on behalf of any of the FormFactor-Related Entities, ESI, or Mr. Prestowitz, in preparation for any meeting with any U.S. lawyer, or any U.S. government official (including Executive or Congressional official), or Korean lawyers or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

11.    All documents and things constituting the basis for the position or suggestion to any Korean government official that exports to the United States by Korean companies, including Samsung and Hynix, may be hindered by the disputes between FormFactor and Phicom or any result from such disputes.

12.    All documents and things constituting the basis for the position or suggestion to any U.S. or Korean government official that Korean courts improperly invalidated FormFactor patents or otherwise improperly made decisions against FormFactor. .

13.    All documents and things provided by Mr. Prestowitz or ESI to any FormFactor-Related Entities.

14.    All documents and things provided by Mr. Prestowitz or ESI to any U.S. or Korean lawyer or any U.S. or Korean governmental official or any third party regarding FormFactor, or Phicom, or any disputes or lawsuits .between FormFactor and Phicom.

15.    All documents and things that refer to or are otherwise related to Phicom, Phiam, or Mr. O.K. Lee of Phicom, or the business or products of Phicom, Phiam, or Mr. O. K. Lee of Phicom. .

16.    All documents and things that refer to or are otherwise related to any patent dispute between FormFactor and Micronics Japan Co., LTD. ("MJC").

4

**NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY ECONOMIC STRATEGY INSTITUTE**

17. All documents and things that summarize or otherwise report on or describe any meeting or communication Mr. Prestowitz and/or ESI had with any U.S. or Korean government official or third party that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy. Examples of responsive documents include, but are not limited to, any reports, summaries, memoranda, opinions, presentation slides, meeting notes, agenda, calendar, and any drafts of such documents.

18. All billing statements, invoices, and receipts sent by or on behalf of Mr. Prestowitz or ESI to any of the FormFactor-Related Entities.

19. All agreements between any ESI personnel, including Mr. Prestowitz, and any of the FormFactor-Related Entities.

20. All documents and things concerning probe cards, or probe card assemblies, or testing of semiconductor devices by probe cards or probe card assemblies.

21. All documents and things concerning Micronics Japan Co., LTD. ("MJC").

22. All documents and things analyzing, describing, or otherwise referring to any effect of any dispute between FormFactor and Phicom to the Free Trade Agreement and free trade relationship between Korea and the United States.

23. All documents and things considered, collected, received, or generated by Mr. Prestowitz or ESI concerning services provided to or work performed for FormFactor.

24. To the extent not covered by other topics of this Schedule, all documents and things sent to and received from any FormFactor-Related Entities, including but not limited to presentations, files, letters, e-mails, voicemails, text messages, letters, and physical samples, in or after January, 2006.

25. ESI's document retention policy.

26. All resumes of Mr. Prestowitz.

27. All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any FormFactor technology or patent rights.

28. All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any products or services FormFactor makes or provides.

5

29.    All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the validity, infringement, or enforceability of any patents or rights FormFactor has or may assert against Phicom.

30.    All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the merits of any patent infringement disputes between FormFactor and Phicom or the merits of any decisions made by any U.S. or Korean courts.

31.    All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on whether Phicom copied any aspects of products or technology of FormFactor.

NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY
ECONOMIC STRATEGY INSTITUTE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY ECONOMIC STRATEGY INSTITUTE** was served on this 6th day July, 2007, via process server and/or mail to:

> Clyde V. Prestowitz, Jr.
> President, Economic Strategy Institute
> 3050 K. Street, NW
> Suite 220
> Washington, DC 20007
> **via process server and mail**

> David W. Axelrod
> Jonathan E. Mansfield
> Schwabe Williamson & Wyatt
> Pacwest Center
> 1211 SW 5th Avenue, Suite 1900
> Portland, OR 97204
> Attorneys for Formfactor, Inc.
> **via FedEx**

> Morgan Chu
> Gary N. Frischling
> Brian D. Ledahl
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067
> Attorneys for Formfactor, Inc.
> **via FedEx**

**NOTICE OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY
ECONOMIC STRATEGY INSTITUTE**

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FormFactor, Inc.

vs.

Phicom Corporation

No. 05-6062-HO

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, WESLEY JENNINGS, having been duly authorized to make service of the Subpoena Duces Tecum and Attachments in the above entitled case, hereby depose and say:

That my date of birth / age is 03-01-1980.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 10:31 am on July 9, 2007, I served Economic Strategy Institute c/o Clyde V. Prestowitz, Jr., President at 3050 K Street, NW, Suite 220, Washington, DC 20007 by serving Ben Carliner, Director of Research, authorized to accept.  Described herein:

        SEX-    MALE
        AGE-    32
     HEIGHT-    5'8"
       HAIR-    BROWN
     WEIGHT-    175
       RACE-    WHITE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on ___7-10-07___
                Date

_Wesley Jennings_
WESLEY JENNINGS
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 190768

# Exhibit B

Morgan Chu
mchu@irell.com
Gary N. Frischling
gfrischling@irell.com
Brian D. Ledahl
bledahl@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone 310-277-1010
Fax 310-203-7199

Attorneys for Plaintiff, FormFactor, Inc.,
Economic Strategy Institute and Clyde V. Prestowitz, Jr.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FORMFACTOR, INC., a Delaware corporation,** | Case No. 05-6062-HO |
| Plaintiff, | |
| vs. | **OBJECTIONS TO PHICOM'S SUBPOENA TO ECONOMIC STRATEGY INSTITUTE** |
| **PHICOM CORPORATION, a Korean corporation,** | |
| Defendant. | |

Page 1 -    OBJECTIONS TO PHICOM'S SUBPOENA TO
ECONOMIC STRATEGY INSTITUTE

Plaintiff FormFactor, Inc., ("FormFactor") and Non-party Economic Strategy Institute ("ESI") object to the subpoena issued by Defendant Phicom Corporation ("Phicom") to non-party ESI as follows:

## General Objections

1.     FormFactor and ESI object to Phicom's Subpoena as overbroad and unduly burdensome in that it seeks materials and information which are not relevant to the claims and defenses in this action.

2.     FormFactor and ESI objects to the time and place set forth for production in Phicom's Subpoena. To the extent any materials are produced pursuant to the subpoena, they will be produced at a time and place convenient to ESI.

3.     FormFactor and ESI object to Phicom's Subpoena and to the accompanying Requests for Production as vague and ambiguous in that they fail to properly identify the categories of materials sought.

4.     FormFactor and ESI object to Phicom's Subpoena and to the accompanying Requests for Production to the extent they seek material reflecting the confidential, trade-secret, or otherwise proprietary information of FormFactor or ESI. Any such materials will only be produced pursuant to the terms of the confidentiality order entered in this matter, and FormFactor and ESI reserve the right to seek further protections to the extent deemed necessary.

5.     FormFactor and ESI object to Phicom's Subpoena and to the accompanying Requests for Production as overbroad and unduly burdensome.

6.     FormFactor and ESI object to Phicom's Subpoena to the extent the requests call for any materials subject to the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection.

Page 2 -     OBJECTIONS TO PHICOM'S SUBPOENA TO
            ECONOMIC STRATEGY INSTITUTE

## Responses to Specific Requests

Request No. 1

All documents and things concerning any relationship between either the Free Trade Agreement or negotiations between the United States and Korea regarding free trade and any disputes, disagreements, or lawsuits between FormFactor, Inc. ("FormFactor") and Phicom Corporation ("Phicom").

Response to Request No. 1

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "concerning any relationship . . . ," "the Free Trade Agreement," "regarding free trade," and "disputes, disagreements, or lawsuits." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 2

All documents and things concerning the initiation or formation of any relationship between Economic Strategy Institute ("ESI") and/or Mr. Prestowitz and FormFactor, or any board members, officers, employees, representatives, legal counsel, or agent of FormFactor, or any party acting on behalf of FormFactor (collectively referred to as "FormFactor-Related Entities"). Examples of responsive documents and things include, but are not limited to, engagement letters, files, and any documents concerning the scope of the subject matter of the engagement.

Response to Request No. 2

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase "concerning the initiation or formation of any relationship . . . ." FormFactor and ESI further

Page 3 -    OBJECTIONS TO PHICOM'S SUBPOENA TO
             ECONOMIC STRATEGY INSTITUTE

object to the definition of "FormFactor-Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 3

All documents and things that were generated, presented, communicated, or shared in preparation of, during, or after any meetings (telephonic, virtual or otherwise) between any ESI personnel, such as Mr. Prestowitz, and any of the FormFactor-Related Entities. Examples of responsive documents and things include, but are not limited to, meeting minutes, slide presentations, notes, memoranda, correspondence, emails, agreements, text messages, calendar entries, meeting agenda, schedule, and task entries.

Response to Request No. 3

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase "generated, presented, communicated, or shared in preparation of, during, or after any meetings." FormFactor and ESI further object to the definition of "FormFactor-Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 4

All documents and things that refer to or are otherwise related to any lawsuits or disputes between FormFactor and Phicom, including but not limited to legal actions between FormFactor or Phicom in Korea or the United States.

Page 4 -    OBJECTIONS TO PHICOM'S SUBPOENA TO
          ECONOMIC STRATEGY INSTITUTE

Response to Request No. 4

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "refer to or are otherwise related to," "lawsuits or disputes," and "legal actions between FormFactor or Phicom." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 5

All documents and things that any FormFactor-Related Entities provided to Mr. Prestowitz or ESI.

Response to Request No. 5

FormFactor and ESI object to the definition of "FormFactor-Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 6

All documents and things that refer to or are otherwise related to any patents or technology previously or currently owned by FormFactor that are directed to the field of semiconductor testing.

Response to Request No. 6

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "refer to or are otherwise related to," "patents or technology previously or currently owned," and "directed to the field of semiconductor testing." FormFactor and ESI further object

Page 5 -   OBJECTIONS TO PHICOM'S SUBPOENA TO
ECONOMIC STRATEGY INSTITUTE

to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 7

All documents and things that refer or are otherwise related to any meeting between Mr. Prestowitz and any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyers, or any Korean government official that took place in or after January, 2006 and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

Response to Request No. 7

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "refer or are otherwise related to," "Congressional branch," and "customers of Phicom and FormFactor." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 8

All travel documents of ESI personnel, including but not limited to Mr. Prestowitz, any employee of ESI, and anyone working on behalf of ESI or Mr. Prestowitz, for any travel related to any business with or services to or for any of the FormFactor-Related Entities. Examples of

Page 6 -   OBJECTIONS TO PHICOM'S SUBPOENA TO
           ECONOMIC STRATEGY INSTITUTE

responsive documents include, but are not limited to, any travel tickets and receipts for traveling to and from Korea in or after January, 2006, and any passports used in such travels.

### Response to Request No. 8

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase "related to any business with or services to or for." FormFactor and ESI further object to the definition of "FormFactor-Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI object to this request as seeking information protected by the right to privacy of non-parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 9

All documents and things acquired, accessed, read, reviewed, analyzed, considered, or studied in preparation for or anticipation of any meeting with any FormFactor-Related Entities, or any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyer, or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

### Response to Request No. 9

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "in preparation for or anticipation of," "Congressional branch," and "customers of Phicom and FormFactor." FormFactor and ESI further object to the definition of "FormFactor-

Page 7 -   OBJECTIONS TO PHICOM'S SUBPOENA TO
           ECONOMIC STRATEGY INSTITUTE

Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 10

All documents and things generated by or on behalf of any of the FormFactor-Related Entities, ESI, or Mr. Prestowitz, in preparation for any meeting with any U.S. lawyer, or any U.S. government official (including Executive or Congressional official), or Korean lawyers or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

Response to Request No. 10

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "generated by or on behalf of," and "customers of Phicom and FormFactor." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 11

All documents and things constituting the basis for the position or suggestion to any Korean government official that exports to the United States by Korean companies, including

Samsung and Hynix, may be hindered by the disputes between FormFactor and Phicom or any result from such disputes.

Response to Request No. 11

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "constituting the basis for the position or suggestion," "hindered by the disputes," and "any result from such disputes." FormFactor and ESI object to this request as lacking foundation. FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 12

All documents and things constituting the basis for the position or suggestion to any U.S. or Korean government official that Korean courts improperly invalidated FormFactor patents or otherwise improperly made decisions against FormFactor.

Response to Request No. 12

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "constituting the basis for the position or suggestion," and "otherwise improperly made decisions against FormFactor." FormFactor and ESI object to this request as lacking foundation. FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Page 9 -    OBJECTIONS TO PHICOM'S SUBPOENA TO
            ECONOMIC STRATEGY INSTITUTE

Request No. 13

All documents and things provided by Mr. Prestowitz or ESI to any FormFactor-Related Entities.

Response to Request No. 13

FormFactor and ESI object to the definition of "FormFactor-Related Entities." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 14

All documents and things provided by Mr. Prestowitz or ESI to any U.S. or Korean lawyer or any an U.S. or Korean government official or any third party regarding FormFactor, or Phicom, or any disputes or lawsuits between FormFactor and Phicom.

Response to Request No. 14

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "regarding FormFactor . . . ," and "disputes or lawsuits." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 15

All documents and things that refer or are otherwise related to Phicom, Phiam, or Mr. O.K. Lee of Phicom, or the business or products of Phicom, Phiam, or Mr. O.K. Lee of Phicom.

Response to Request No. 15

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "refer or are otherwise related to," and "the business or products of Phicom, Phiam . . . ." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 16

All documents and things that refer to or are otherwise related to any patent dispute between FormFactor and Micronics Japan Co., LTD. ("MJC").

Response to Request No. 16

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase "refer or are otherwise related to." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 17

All documents and things that summarize or otherwise report on or describe any meeting or communication Mr. Prestowitz and/or ESI had with any U.S. or Korean government official or third party that took place in or after January, 2006, and concerned either FormFactor or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade

Page 11     OBJECTIONS TO PHICOM'S SUBPOENA TO
        ECONOMIC STRATEGY INSTITUTE

Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.
Examples of responsive documents include, but are not limited to, any reports, summaries,
memoranda, opinions, presentation slides, meeting notes, agenda, calendar, and any drafts of
such documents.

Response to Request No. 17

FormFactor and ESI object to this request as vague and ambiguous in its use of the
phrases "summarize or otherwise report on or describe," "concerned either FormFactor, or
Phicom . . . ," and "customers of Phicom and FormFactor." FormFactor and ESI further object
to this request as overbroad and unduly burdensome. FormFactor and ESI object that this
request seeks documents that are not relevant to the claims and defenses of the parties.
FormFactor and ESI further object to this request to the extent it calls for the production of any
information protected by the attorney-client privilege, the attorney-work-product doctrine, or any
other applicable privilege or protection.

Request No. 18

All billing statements, invoices, and receipts sent by or on behalf of Mr. Prestowitz or
ESI to any of the FormFactor-Related Entities.

Response to Request No. 18

FormFactor and ESI object to the definition of "FormFactor-Related Entities."
FormFactor and ESI further object to this request as overbroad and unduly burdensome.
FormFactor and ESI object that this request seeks documents that are not relevant to the claims
and defenses of the parties. FormFactor and ESI further object to this request to the extent it
calls for the production of any information protected by the attorney-client privilege, the
attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 19

All agreements between any ESI personnel, including Mr. Prestowitz, and any of the
FormFactor-Related Entities.

Response to Request No. 19

FormFactor and ESI object to the definition of "FormFactor-Related Entities."
FormFactor and ESI further object to this request as overbroad and unduly burdensome.
FormFactor and ESI object that this request seeks documents that are not relevant to the claims
and defenses of the parties. FormFactor and ESI further object to this request to the extent it
calls for the production of any information protected by the attorney-client privilege, the
attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 20

All documents and things concerning probe cards, or probe card assemblies, or testing of
semiconductor devices by probe cards or probe card assemblies.

Response to Request No. 20

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase
"concerning . . . ." FormFactor and ESI further object to this request as overbroad and unduly
burdensome. FormFactor and ESI object that this request seeks documents that are not relevant
to the claims and defenses of the parties. FormFactor and ESI further object to this request to the
extent it calls for the production of any information protected by the attorney-client privilege, the
attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 21

All documents and things concerning Micronics Japan Co., LTD. ("MJC").

Response to Request No. 21

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase
"concerning . . . ." FormFactor and ESI further object to this request as overbroad and unduly
burdensome. FormFactor and ESI object that this request seeks documents that are not relevant
to the claims and defenses of the parties. FormFactor and ESI further object to this request to the
extent it calls for the production of any information protected by the attorney-client privilege, the
attorney-work-product doctrine, or any other applicable privilege or protection.

Page 13    OBJECTIONS TO PHICOM'S SUBPOENA TO
-            ECONOMIC STRATEGY INSTITUTE

Request No. 22

All documents and things analyzing, describing, or otherwise referring to any effect of
any dispute between FormFactor and Phicom to the Free Trade Agreement and free trade
relationship between Korea and the United States.

Response to Request No. 22

FormFactor and ESI object to this request as vague and ambiguous in its use of the
phrases "analyzing, describing, or otherwise referring to," "effect of any dispute . . . ," and "Free
Trade Agreement." FormFactor and ESI further object to this request as overbroad and unduly
burdensome. FormFactor and ESI object that this request seeks documents that are not relevant
to the claims and defenses of the parties. FormFactor and ESI further object to this request to the
extent it calls for the production of any information protected by the attorney-client privilege, the
attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 23

All documents and things considered, collected, received, or generated by Mr. Prestowitz
or ESI concerning services provided to or work performed for FormFactor.

Response to Request No. 23

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase
"concerning services provided to or work performed for." FormFactor and ESI further object to
this request as overbroad and unduly burdensome. FormFactor and ESI object that this request
seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and
ESI further object to this request to the extent it calls for the production of any information
protected by the attorney-client privilege, the attorney-work-product doctrine, or any other
applicable privilege or protection.

Request No. 24

To the extent not covered by other topics of this Schedule, all documents and things sent
to and received from any FormFactor-Related Entities, including but not limited to presentations,

files, letters, e-mails, voicemails, text messages, letters, and physical samples, in or after January 2006.

Response to Request No. 24

FormFactor and ESI object to the definition of FormFactor-Related Entities. FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 25

ESI's document retention policy.

Response to Request No. 25

FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 26

All resumes of Mr. Prestowitz.

Response to Request No. 26

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrase "all resumes." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties.

Request No. 27

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any FormFactor technology or patent rights.

Response to Request No. 27

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "relative importance and value." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 28

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any products or services FormFactor makes or provides.

Response to Request No. 28

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "relative importance and value." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

<u>Request No. 29</u>

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the validity, infringement, or enforceability of any patents or rights FormFactor has or may assert against Phicom.

<u>Response to Request No. 29</u>

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "patents or rights FormFactor has or may assert against Phicom." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

<u>Request No. 30</u>

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the merits of any patent infringement disputes between FormFactor and Phicom or the merits of any decisions made by any U.S. or Korean courts.

<u>Response to Request No. 30</u>

FormFactor and ESI object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "merits of any decisions made by any U.S. or Korean courts." FormFactor and ESI further object to this request as overbroad and unduly burdensome. FormFactor and ESI object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and ESI further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 31

All documents and things that Mr. Prestowitz has considered that provide him with any

bases to opine on whether Phicom copied any aspects of products or technology of FormFactor.

Response to Request No. 31

FormFactor and ESI object to this request as vague and ambiguous in its use of the

phrases "provide him with any bases to opine," and "copied any aspects of products or

technology." FormFactor and ESI further object to this request as overbroad and unduly

burdensome. FormFactor and ESI object that this request seeks documents that are not relevant

to the claims and defenses of the parties. FormFactor and ESI further object to this request to the

extent it calls for the production of any information protected by the attorney-client privilege, the

attorney-work-product doctrine, or any other applicable privilege or protection.


Dated: July 20, 2007

By: _____

Irell & Manella, LLP
Morgan Chu, *pro hac vice*
mchu@irell.com
Gary N. Frischling, *pro hac vice*
gfrischling@irell.com
Brian D. Ledahl, *pro hac vice*
bledahl@irell.com
Attorneys for Plaintiff
FormFactor, Inc. and Economic Strategy
Institute and Clyde V. Prestowitz, Jr.


Page 18     OBJECTIONS TO PHICOM'S SUBPOENA TO
          ECONOMIC STRATEGY INSTITUTE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 20, 2007, I served the foregoing document described as **OBJECTIONS TO PHICOM'S SUBPOENA TO ECONOMIC STRATEGY INSTITUTE** on each interested party, as follows:

Charles H. Suh, Esq.
Finnegan Henderson Farabow Garrett & Dunner LLP
Two Freedom Square
19955 Freedom Drive
Reston, VA 20190

Facsimile No.: 202-408-4400

[X]    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

[ ]    (BY FAX) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown above.

Executed on July 20, 2007, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.


_____        _____
Debi Del Grande
(Type or print name)                              (Signature)

# Exhibit C

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FormFactor, Inc. | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| Phicom Corporation | **CASE NUMBER:** 05-6062-HO (USDC for District of OR) |

TO:    Clyde V. Prestowitz, Jr.
　　　　C/O The Economic Strategy Institute
　　　　3050 K. Street, NW
　　　　Suite 220
　　　　Washington, DC 20007

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION: Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP 901 New York Ave., NW, Washington, D.C. 20001-4413 | DATE AND TIME 9:00 am, July 30, 2007 |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
　　　　See attached Notice of Deposition and Requests for Production of Documents and Things to Third Party Clyde V. Prestowitz, Jr. Schedule A.

| PLACE Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP 901 New York Ave., NW, Washington, D.C. 20001-4413 | DATE AND TIME 9:00 am, July 23, 2007 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*                    Attorney for Defendant | July 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles H. Suh, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
202.408.4000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

JEFFERY J. MATTHEWS, OSB # 97328
Email: jeffery.j.matthews@harrang.com
HARRANG LONG GARY RUDNICK, P.C.
360 East 10th Avenue #300
Eugene, Oregon 97401
Telephone:    (541) 485-0220
Facsimile:    (541) 686-6564

RICHARD L. STROUP *(pro hac vice)*
richard.stroup@finnegan.com
ANDREW C. SONU *(pro hac vice)*
andrew.sonu@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT, & DUNNER
901 New York Ave., N.W.
Washington, D.C. 20001
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400
Attorneys for Defendant and Counterclaimant
Phicom Corporation

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **FORMFACTOR, INC.**, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>**PHICOM CORPORATION**, a Korean Corporation<br><br>Defendant. | Case No. 05-6062-HO<br><br>**NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY CLYDE V. PRESTOWITZ, JR.** |
| **PHICOM CORPORATION**, a Korean Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>**FORMFACTOR, INC.**, a Delaware Corporation<br><br>Counterclaim Defendant. | |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Defendant and Counterclaimant, Phicom Corporation ("Phicom"), pursuant to Rules 45 and 30 of the Federal Rules of Civil Procedure, requests that the third party, Clyde V. Prestowitz, Jr. attend and testify at a deposition, and produce all documents and things called for or falling within each of the subjects listed in the attached Schedule A.

The deposition will take place at 9:00 a.m. on July 30, 2006, at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave, NW, Washington, D.C. 20001-4413 (or at another mutually agreed upon date and location), and will continue from day to day until completed. The deposition will be by oral examination, with a written stenographic or videographic record, and shall be taken before a notary public or some other officer authorized to administer oaths under the law. You are invited to attend and examine the witness if you so desire. Mr. Prestowitz is further requested to produce all responsive documents and things by no later than July 23, 2007, or at least seven days in advance of the deposition, whichever date is sooner.

Dated: July 6, 2007

Finnegan, Henderson, Farabow, Garrett, & Dunner

Richard L. Stroup *(pro hac vice)*
richard.stroup@finnegan.com
Andrew C. Sonu *(pro hac vice)*
Parmanand K. Sharma *(pro hac vice)*
anand.sharma@finnegan.com
Charles H. Suh *(pro hac vice)*
charles.suh@finnegan.com
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant and
Counterclaimant Phicom Corporation

2
**NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THIRD PARTY CLYDE V. PRESTOWITZ, JR.**

## SCHEDULE A

1.     All documents and things concerning any relationship between either the Free Trade Agreement or negotiations between the United States and Korea regarding free trade and any disputes, disagreements, or lawsuits between FormFactor, Inc. ("FormFactor") and Phicom Corporation ("Phicom") .

2.     All documents and things concerning the initiation or formation of any relationship between Economic Strategy Institute ("ESI") and/or Mr. Prestowitz and FormFactor, or any board members, officers, employees, representatives, legal counsel, or agent of FormFactor, or any party acting on behalf of FormFactor (collectively referred to as "FormFactor-Related Entities"). Examples of responsive documents and things include, but are not limited to, engagement letters, files, and any documents concerning the scope of the subject matter of the engagement.

3.     All documents and things that were generated, presented, communicated, or shared in preparation of, during, or after any meetings (telephonic, virtual or otherwise) between any ESI personnel, such as Mr. Prestowitz, and any of the FormFactor-Related Entities. Examples of responsive documents and things include, but are not limited to, meeting minutes, slide presentations, notes, memoranda, correspondence, emails, agreements, text messages, calendar entries, meeting agenda, schedule, and task entries.

4.     All documents and things that refer to or are otherwise related to any lawsuits or disputes between FormFactor and Phicom, including but not limited to legal actions between FormFactor or Phicom in Korea or the United States.

5.     All documents and things that any FormFactor-Related Entities provided to Mr. Prestowitz or ESI.

6.     All documents and things that refer to or are otherwise related to any patents or technology previously or currently owned by FormFactor that are directed to the field of semiconductor testing.

7.     All documents and things that refer to or are otherwise related to any meeting between Mr. Prestowitz and any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyers, or any Korean government official that took place in or after January, 2006 and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

8.     All travel documents of ESI personnel, including but not limited to Mr. Prestowitz, any employee of ESI, and anyone working on behalf of ESI or Mr. Prestowitz, for any travel related to any business with or services to or for any of the FormFactor-Related Entities. Examples of responsive documents include, but are not limited to, any travel tickets

3

and receipts for traveling to and from Korea in or after January, 2006, and any passports used in such travels.

9.    All documents and things acquired, accessed, read, reviewed, analyzed, considered, or studied in preparation for or anticipation of any meeting with any FormFactor-Related Entities, or any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyer, or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

10.    All documents and things generated by or on behalf of any of the FormFactor-Related Entities, ESI, or Mr. Prestowitz, in preparation for any meeting with any U.S. lawyer, or any U.S. government official (including Executive or Congressional official), or Korean lawyers or any Korean government official that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

11.    All documents and things constituting the basis for the position or suggestion to any Korean government official that exports to the United States by Korean companies, including Samsung and Hynix, may be hindered by the disputes between FormFactor and Phicom or any result from such disputes.

12.    All documents and things constituting the basis for the position or suggestion to any U.S. or Korean government official that Korean courts improperly invalidated FormFactor patents or otherwise improperly made decisions against FormFactor. .

13.    All documents and things provided by Mr. Prestowitz or ESI to any FormFactor-Related Entities.

14.    All documents and things provided by Mr. Prestowitz or ESI to any U.S. or Korean lawyer or any U.S. or Korean governmental official or any third party regarding FormFactor, or Phicom, or any disputes or lawsuits .between FormFactor and Phicom.

15.    All documents and things that refer to or are otherwise related to Phicom, Phiam, or Mr. O.K. Lee of Phicom, or the business or products of Phicom, Phiam, or Mr. O. K. Lee of Phicom. .

16.    All documents and things that refer to or are otherwise related to any patent dispute between FormFactor and Micronics Japan Co., LTD. ("MJC").

17.    All documents and things that summarize or otherwise report on or describe any meeting or communication Mr. Prestowitz and/or ESI had with any U.S. or Korean government official or third party that took place in or after January, 2006, and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy. Examples of responsive documents include, but are not limited to, any reports, summaries, memoranda, opinions, presentation slides, meeting notes, agenda, calendar, and any drafts of such documents.

18.    All billing statements, invoices, and receipts sent by or on behalf of Mr. Prestowitz or ESI to any of the FormFactor-Related Entities.

19.    All agreements between any ESI personnel, including Mr. Prestowitz, and any of the FormFactor-Related Entities.

20.    All documents and things concerning probe cards, or probe card assemblies, or testing of semiconductor devices by probe cards or probe card assemblies.

21.    All documents and things concerning Micronics Japan Co., LTD. ("MJC").

22.    All documents and things analyzing, describing, or otherwise referring to any effect of any dispute between FormFactor and Phicom to the Free Trade Agreement and free trade relationship between Korea and the United States.

23.    All documents and things considered, collected, received, or generated by Mr. Prestowitz or ESI concerning services provided to or work performed for FormFactor.

24.    To the extent not covered by other topics of this Schedule, all documents and things sent to and received from any FormFactor-Related Entities, including but not limited to presentations, files, letters, e-mails, voicemails, text messages, letters, and physical samples, in or after January, 2006.

25.    ESI's document retention policy.

26.    All resumes of Mr. Prestowitz.

27.    All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any FormFactor technology or patent rights.

28.    All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any products or services FormFactor makes or provides.

29.     All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the validity, infringement, or enforceability of any patents or rights FormFactor has or may assert against Phicom.

30.     All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the merits of any patent infringement disputes between FormFactor and Phicom or the merits of any decisions made by any U.S. or Korean courts.

31.     All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on whether Phicom copied any aspects of products or technology of FormFactor.

NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO
THIRD PARTY CLYDE V. PRESTOWITZ, JR.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing
**NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO THIRD PARTY CLYDE V. PRESTOWITZ, JR.** was served on this 6th
day July, 2007, via process server and/or mail to:

> Clyde V. Prestowitz, Jr.
> C/O The Economic Strategy Institute
> 3050 K. Street, NW
> Suite 220
> Washington, DC 20007
> **via process server and mail**

> David W. Axelrod
> Jonathan E. Mansfield
> Schwabe Williamson & Wyatt
> Pacwest Center
> 1211 SW 5th Avenue, Suite 1900
> Portland, OR 97204
> Attorneys for Formfactor, Inc.
> **via FedEx**

> Morgan Chu
> Gary N. Frischling
> Brian D. Ledahl
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067
> Attorneys for Formfactor, Inc.
> **via FedEx**

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FormFactor, Inc.

vs.

Phicom Corporation

No. 05-6062-HO

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, DANIEL F. PORTNOY, having been duly authorized to make service of the Deposition Subpoena Duces Tecum and Attachments in the above entitled case, hereby depose and say:

That my date of birth / age is 11-26-1971.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 10:41 am on July 17, 2007, I served Clyde V. Prestowitz, Jr. at The Economic Strategy Institute, 3050 K Street, NW, Suite 220, Washington, DC 20007 by serving Clyde V. Prestowitz, Jr., personally.  Described herein:

```
    SEX-   MALE
    AGE-   65
 HEIGHT-   5'10"
   HAIR-   GRAY
 WEIGHT-   165
   RACE-   WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on ___7/17/07___
          Date

DANIEL F. PORTNOY
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 191249

# Exhibit D

Morgan Chu
mchu@irell.com
Gary N. Frischling
gfrischling@irell.com
Brian D. Ledahl
bledahl@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone 310-277-1010
Fax 310-203-7199

Attorneys for Plaintiff, FormFactor, Inc.,
Economic Strategy Institute and Clyde V. Prestowitz, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FORMFACTOR, INC., a Delaware corporation,**<br><br>Plaintiff,<br><br>vs.<br><br>**PHICOM CORPORATION, a Korean corporation,**<br><br>Defendant. | Case No. 05-6062-HO<br><br>**OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V. PRESTOWITZ, JR.** |

Page 1 -    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
           PRESTOWITZ, JR.

Plaintiff FormFactor, Inc., ("FormFactor") and Non-party Clyde V. Prestowitz, Jr.

("Prestowitz") object to the subpoena issued by Defendant Phicom Corporation ("Phicom") to

non-party Prestowitz as follows:

### General Objections

1.    FormFactor and Prestowitz object to Phicom's Subpoena as overbroad and unduly
burdensome in that it seeks materials and information which are not relevant to the claims and
defenses in this action.

2.    FormFactor and Prestowitz objects to the time and place set forth for production
in Phicom's Subpoena. To the extent any materials are produced pursuant to the subpoena, they
will be produced at a time and place convenient to Prestowitz.

3.    FormFactor and Prestowitz object to Phicom's Subpoena and to the
accompanying Requests for Production as vague and ambiguous in that they fail to properly
identify the categories of materials sought.

4.    FormFactor and Prestowitz object to Phicom's Subpoena and to the
accompanying Requests for Production to the extent they seek material reflecting the
confidential, trade-secret, or otherwise proprietary information of FormFactor or Prestowitz.
Any such materials will only be produced pursuant to the terms of the confidentiality order
entered in this matter, and FormFactor and Prestowitz reserve the right to seek further
protections to the extent deemed necessary.

5.    FormFactor and Prestowitz object to Phicom's Subpoena and to the
accompanying Requests for Production as overbroad and unduly burdensome.

6.    FormFactor and Prestowitz object to Phicom's Subpoena to the extent the
requests call for any materials subject to the attorney-client privilege, the attorney work product
doctrine or any other applicable privilege or protection.

### Responses to Specific Requests

<u>Request No. 1</u>

All documents and things concerning any relationship between either the Free Trade
Agreement or negotiations between the United States and Korea regarding free trade and any
disputes, disagreements, or lawsuits between FormFactor, Inc. ("FormFactor") and Phicom
Corporation ("Phicom").

<u>Response to Request No. 1</u>

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the
phrases "concerning any relationship . . . ," "the Free Trade Agreement," "regarding free trade,"
and "disputes, disagreements, or lawsuits." FormFactor and Prestowitz further object to this
request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this
request seeks documents that are not relevant to the claims and defenses of the parties.
FormFactor and Prestowitz further object to this request to the extent it calls for the production
of any information protected by the attorney-client privilege, the attorney-work-product doctrine,
or any other applicable privilege or protection.

<u>Request No. 2</u>

All documents and things concerning the initiation or formation of any relationship
between Economic Strategy Institute ("ESI") and/or Mr. Prestowitz and FormFactor, or any
board members, officers, employees, representatives, legal counsel, or agent of FormFactor, or
any party acting on behalf of FormFactor (collectively referred to as "FormFactor-Related
Entities"). Examples of responsive documents and things include, but are not limited to,
engagement letters, files, and any documents concerning the scope of the subject matter of the
engagement.

<u>Response to Request No. 2</u>

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the
phrase "concerning the initiation or formation of any relationship . . . ." FormFactor and

Page 3 -     OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
             PRESTOWITZ, JR.

Prestowitz further object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 3

All documents and things that were generated, presented, communicated, or shared in preparation of, during, or after any meetings (telephonic, virtual or otherwise) between any ESI personnel, such as Mr. Prestowitz, and any of the FormFactor-Related Entities. Examples of responsive documents and things include, but are not limited to, meeting minutes, slide presentations, notes, memoranda, correspondence, emails, agreements, text messages, calendar entries, meeting agenda, schedule, and task entries.

### Response to Request No. 3

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "generated, presented, communicated, or shared in preparation of, during, or after any meetings." FormFactor and Prestowitz further object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 4

All documents and things that refer to or are otherwise related to any lawsuits or disputes between FormFactor and Phicom, including but not limited to legal actions between FormFactor or Phicom in Korea or the United States.

Response to Request No. 4

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "refer to or are otherwise related to," "lawsuits or disputes," and "legal actions between FormFactor or Phicom." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 5

All documents and things that any FormFactor-Related Entities provided to Mr. Prestowitz or ESI.

Response to Request No. 5

FormFactor and Prestowitz object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Page 5 -    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
            PRESTOWITZ, JR.

Request No. 6

All documents and things that refer to or are otherwise related to any patents or technology previously or currently owned by FormFactor that are directed to the field of semiconductor testing.

Response to Request No. 6

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "refer to or are otherwise related to," "patents or technology previously or currently owned," and "directed to the field of semiconductor testing." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 7

All documents and things that refer or are otherwise related to any meeting between Mr. Prestowitz and any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyers, or any Korean government official that took place in or after January, 2006 and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

Response to Request No. 7

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "refer or are otherwise related to," "Congressional branch," and "customers of Phicom and FormFactor." FormFactor and Prestowitz further object to this request as overbroad and

Page 6 -    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
PRESTOWITZ, JR.

unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 8

All travel documents of ESI personnel, including but not limited to Mr. Prestowitz, any employee of ESI, and anyone working on behalf of ESI or Mr. Prestowitz, for any travel related to any business with or services to or for any of the FormFactor-Related Entities. Examples of responsive documents include, but are not limited to, any travel tickets and receipts for traveling to and from Korea in or after January, 2006, and any passports used in such travels.

Response to Request No. 8

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "related to any business with or services to or for." FormFactor and Prestowitz further object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz object to this request as seeking information protected by the right to privacy of non-parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 9

All documents and things acquired, accessed, read, reviewed, analyzed, considered, or studied in preparation for or anticipation of any meeting with any FormFactor-Related Entities, or any U.S. lawyer, or any U.S. government official (including in the Executive or Congressional branch), or any Korean lawyer, or any Korean government official that took place in or after

Page 7 -    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
            PRESTOWITZ, JR.

January, 2006, and concerned either FormFactor, or Phicom, or any disputes between
FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited
to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade and the
meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry
of Commerce, Industry and Energy.

Response to Request No. 9

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the
phrases "in preparation for or anticipation of," "Congressional branch," and "customers of
Phicom and FormFactor." FormFactor and Prestowitz further object to the definition of
"FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as
overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks
documents that are not relevant to the claims and defenses of the parties. FormFactor and
Prestowitz further object to this request to the extent it calls for the production of any
information protected by the attorney-client privilege, the attorney-work-product doctrine, or any
other applicable privilege or protection.

Request No. 10

All documents and things generated by or on behalf of any of the FormFactor-Related
Entities, ESI, or Mr. Prestowitz, in preparation for any meeting with any U.S. lawyer, or any
U.S. government official (including Executive or Congressional official), or Korean lawyers or
any Korean government official that took place in or after January, 2006, and concerned either
FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of
Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-
yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's
Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy.

Page 8 -     OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
             PRESTOWITZ, JR.

Response to Request No. 10

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "generated by or on behalf of," and "customers of Phicom and FormFactor." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 11

All documents and things constituting the basis for the position or suggestion to any Korean government official that exports to the United States by Korean companies, including Samsung and Hynix, may be hindered by the disputes between FormFactor and Phicom or any result from such disputes.

Response to Request No. 11

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "constituting the basis for the position or suggestion," "hindered by the disputes," and "any result from such disputes." FormFactor and Prestowitz object to this request as lacking foundation. FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Page 9 -   OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
PRESTOWITZ, JR.

Request No. 12

All documents and things constituting the basis for the position or suggestion to any U.S. or Korean government official that Korean courts improperly invalidated FormFactor patents or otherwise improperly made decisions against FormFactor.

Response to Request No. 12

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "constituting the basis for the position or suggestion," and "otherwise improperly made decisions against FormFactor." FormFactor and Prestowitz object to this request as lacking foundation. FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 13

All documents and things provided by Mr. Prestowitz or ESI to any FormFactor-Related Entities.

Response to Request No. 13

FormFactor and Prestowitz object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 14

All documents and things provided by Mr. Prestowitz or ESI to any U.S. or Korean lawyer or any an U.S. or Korean government official or any third party regarding FormFactor, or Phicom, or any disputes or lawsuits between FormFactor and Phicom.

### Response to Request No. 14

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "regarding FormFactor . . . ," and "disputes or lawsuits." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 15

All documents and things that refer or are otherwise related to Phicom, Phiam, or Mr. O.K. Lee of Phicom, or the business or products of Phicom, Phiam, or Mr. O.K. Lee of Phicom.

### Response to Request No. 15

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "refer or are otherwise related to," and "the business or products of Phicom, Phiam . . . ." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 16

All documents and things that refer to or are otherwise related to any patent dispute between FormFactor and Micronics Japan Co., LTD. ("MJC").

Page 11    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V. PRESTOWITZ, JR.

Response to Request No. 16

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "refer or are otherwise related to." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 17

All documents and things that summarize or otherwise report on or describe any meeting or communication Mr. Prestowitz and/or ESI had with any U.S. or Korean government official or third party that took place in or after January, 2006, and concerned either FormFactor or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor, including but not limited to the May 30, 2007 meeting with Mr. Tae-yul Cho, Korea's Deputy Minister for Trade, and the meeting with Mr. Ji-in Hong, Korea's Trade Cooperation and Planning Officer for the Ministry of Commerce, Industry and Energy. Examples of responsive documents include, but are not limited to, any reports, summaries, memoranda, opinions, presentation slides, meeting notes, agenda, calendar, and any drafts of such documents.

Response to Request No. 17

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "summarize or otherwise report on or describe," "concerned either FormFactor, or Phicom . . . ," and "customers of Phicom and FormFactor." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production

Page 12    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
PRESTOWITZ, JR.

of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 18

All billing statements, invoices, and receipts sent by or on behalf of Mr. Prestowitz or ESI to any of the FormFactor-Related Entities.

### Response to Request No. 18

FormFactor and Prestowitz object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 19

All agreements between any ESI personnel, including Mr. Prestowitz, and any of the FormFactor-Related Entities.

### Response to Request No. 19

FormFactor and Prestowitz object to the definition of "FormFactor-Related Entities." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 20

All documents and things concerning probe cards, or probe card assemblies, or testing of semiconductor devices by probe cards or probe card assemblies.

Response to Request No. 20

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "concerning . . . ." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 21

All documents and things concerning Micronics Japan Co., LTD. ("MJC").

Response to Request No. 21

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "concerning . . . ." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 22

All documents and things analyzing, describing, or otherwise referring to any effect of any dispute between FormFactor and Phicom to the Free Trade Agreement and free trade relationship between Korea and the United States.

Response to Request No. 22

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "analyzing, describing, or otherwise referring to," "effect of any dispute . . . ," and "Free Trade Agreement." FormFactor and Prestowitz further object to this request as overbroad and

Page 14     OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
-          PRESTOWITZ, JR.

unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 23

All documents and things considered, collected, received, or generated by Mr. Prestowitz or ESI concerning services provided to or work performed for FormFactor.

Response to Request No. 23

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "concerning services provided to or work performed for." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 24

To the extent not covered by other topics of this Schedule, all documents and things sent to and received from any FormFactor-Related Entities, including but not limited to presentations, files, letters, e-mails, voicemails, text messages, letters, and physical samples, in or after January 2006.

Response to Request No. 24

FormFactor and Prestowitz object to the definition of FormFactor-Related Entities. FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to

Page 15    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
           PRESTOWITZ, JR.

the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 25

ESI's document retention policy.

Response to Request No. 25

FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Request No. 26

All resumes of Mr. Prestowitz.

Response to Request No. 26

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrase "all resumes." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties.

Request No. 27

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any FormFactor technology or patent rights.

Response to Request No. 27

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "relative importance and value." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to

the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 28

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the relative importance and value of any products or services FormFactor makes or provides.

### Response to Request No. 28

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "relative importance and value." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 29

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the validity, infringement, or enforceability of any patents or rights FormFactor has or may assert against Phicom.

### Response to Request No. 29

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "patents or rights FormFactor has or may assert against Phicom." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the

Page 17   OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
         PRESTOWITZ, JR.

attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 30

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on the merits of any patent infringement disputes between FormFactor and Phicom or the merits of any decisions made by any U.S. or Korean courts.

### Response to Request No. 30

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "merits of any decisions made by any U.S. or Korean courts." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

### Request No. 31

All documents and things that Mr. Prestowitz has considered that provide him with any bases to opine on whether Phicom copied any aspects of products or technology of FormFactor.

### Response to Request No. 31

FormFactor and Prestowitz object to this request as vague and ambiguous in its use of the phrases "provide him with any bases to opine," and "copied any aspects of products or technology." FormFactor and Prestowitz further object to this request as overbroad and unduly burdensome. FormFactor and Prestowitz object that this request seeks documents that are not relevant to the claims and defenses of the parties. FormFactor and Prestowitz further object to this request to the extent it calls for the production of any information protected by the attorney-

Page 18    OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V.
           PRESTOWITZ, JR.

client privilege, the attorney-work-product doctrine, or any other applicable privilege or protection.

Dated:  July 20, 2007

By: _____

Irell & Manella, LLP
Morgan Chu, *pro hac vice*
mchu@irell.com
Gary N. Frischling, *pro hac vice*
gfrischling@irell.com
Brian D. Ledahl, *pro hac vice*
bledahl@irell.com
Attorneys for Plaintiff
FormFactor, Inc. and Economic Strategy
Institute and Clyde V. Prestowitz, Jr.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 20, 2007, I served the foregoing document described as **OBJECTIONS TO PHICOM'S SUBPOENA TO CLYDE V. PRESTOWITZ, JR.** on each interested party, as follows:

Charles H. Suh, Esq.
Finnegan Henderson Farabow Garrett & Dunner LLP
Two Freedom Square
19955 Freedom Drive
Reston, VA 20190

Facsimile No.: 202-408-4400

[X]  (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

[ ]  (BY FAX) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown above.

Executed on July 20, 2007, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Debi Del Grande
(Type or print name)

_____
(Signature)

1484130

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA    2007 NOV 14  PM 4: 39

NANCY M.
MAYER WHITTINGTON
CLERK

**FORMFACTOR, INC.**, a Delaware
Corporation,

                                Plaintiff,

            v.

**PHICOM CORPORATION**, a Korean
Corporation,

                             Defendant.

CIVIL ACTION No. 05-6062-HO
Pending in the United States District Court
for the District of Oregon

District Judge _____

Case: 1:07-mc-00497
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/19/2007
Description: Miscellaneous

---

## DECLARATION OF KIA L. FREEMAN IN SUPPORT OF PHICOM CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTIES ECONOMIC STRATEGY INSTITUTE AND CLYDE V. PRESTOWITZ, JR.

I, Kia L. Freeman, declare as follows:

I am an attorney admitted to practice in the District of Columbia. I am an attorney with the Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. firm, attorneys of record for Defendant Phicom Corporation in the above-identified matter. The matters referred to in this declaration are based on my personal knowledge and if called as a witness I could, and would, testify competently thereto.

Attached hereto as Exhibit 1 are true and correct copies of pages from the website of the Economic Strategy Institute, <www.econstrat.org>, downloaded on November 9, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  November 14, 2007

By:____/s/Kia L. Freeman_____

Kia L. Freeman (D.C. Bar No. 469680)
*Attorney for Phicom Corporation*

# Exhibit 1



Economic | S T R A T E G Y | Institute

**MAIN MENU**

HOME
RESEARCH
OP-EDS
IN THE NEWS
EVENTS
BLOG
SEARCH
ABOUT US

**WHO'S ONLINE**

We have 1 guest online

**SYNDICATE**

**LATEST NEWS**

- Watch Clyde Prestowitz interviewed on ASB Business News
- (07/11/07) Prestowitz in the NZ Herald
- (05/23/07) Prestowitz on the US-China Talks

Home

TOXIC TORTS

How the Asbestos Litigation is Undermining US Competitiveness, Destroying Jobs and Short-Changing Victims.



Toxic Torts:
How the Asbestos
Litigation is Undermining
US Competitiveness,
Destroying Jobs and
Short-Changing Victims

By Ben Carliner, Clyde Prestowitz
and Andrew Szamosszegi

1730 K Street, NW, Suite 130 • Washington, DC 20006

In 1925, then President Calvin Coolidge famously said that "the business of America is business." Now, over 90 years later, the business of America is increasingly conducted in courthouses among trial lawyers and insurance executives. The asbestos litigation has already caused nearly 80 corporate bankruptcies in the US, and has impacted the earnings and operations of hundreds of other firms. The US tort system has become an anchor dragging down America's economic growth at a time when the competitive challenges from a globalized economy are stronger than ever.

In its current form, the asbestos litigation is no longer about justice; it is no longer about helping injured workers or ensuring that the correct incentives are in place to prevent greedy companies from injuring their customers of employees. Rather, it is about the US legal system shaking down corporate America to pad the paychecks of lawyers on both sides. Indeed, the interests of American workers, consumers and companies are being cast aside as lawyers rush to file new claims before the next major corporation files bankruptcy and the spigot of easy money is closed behind a wall of bankruptcy protection. The lessons of the asbestos litigation should be very clear: the regulatory system failed to protect workers in the first place, and then the tort system compounded that failure by allowing unimpaired victims to file claims, and targeting companies that had little or nothing to do with the underlying injuries caused by asbestos exposure.

The bottom line is simply this. Over the next 25 to 30 years, defendants in asbestos litigation may have to part with an estimated $141.2 billion to settle claims. The simulations in this study, as well as the results of other studies, suggest that the current path of asbestos claims resolution will have very real economic consequences, and that these consequences are likely to fall heavily, though not exclusively, on manufacturers and their workers. Even if the flexible U.S. economy adjusts to these costs to remain at full employment after an adjustment period, the resulting economy will support hundreds of thousands fewer jobs in manufacturing industries than otherwise. A reduction in the level of capital accumulation would also produce slower productivity growth, with adverse consequences for wages and living standards for the United States as a whole. Given the increasingly competitive global economy, these are costs that US industry can ill afford.

Click Here to Download the Full Report in PDF Format

---

UNFAIR TRADER? - FROM THE SAN DIEGO UNION-TRIBUNE

**China and East Asia play by different rules**

By Clyde Prestowitz



To show it means business with Beijing on trade, the Bush administration recently threatened duties on imports of some Chinese paper and formally charged China with violation of World Trade Organization rules. The reaction has ranged from euphoric predictions of a reduction of the Himalayan U.S. trade deficit to warnings of a disastrous trade war. In fact, neither will occur because the White House measures are not new, not tough and not relevant.

Read more...

---

THREE BILLION NEW CAPITALISTS

**The Great Shift of Wealth and Power to the East**



By the beginning of this century it was already commonplace to speak of the U.S. as a "hyperpower," to talk of its military, political, and economic clout as unprecedented in world history, and to assume that American dominance would continue at least throughout our lifetimes. It is conventional wisdom that America will have no serious rivals for at least a generation. But the American position is far more fragile and ephemeral than much of the world believes. Clyde Prestowitz shows the powerful yet barely visible trends that are threatening to end the six-hundred-year run of Western domination of the world. The trends include America's increasingly unsustainable trade deficits; the equally unsustainable (and dangerous) buildup of massive dollar reserves in places like Japan and China; the end of America's position as the world's premier center for invention and



Russia, and, in later decades, even China. Three Billion New Capitalists is a clear-eyed and profoundly unsettling look at America's and the world's economic future, from an author with a history of predicting the important trends long before they become apparent to others.

## New International Editions:

Click Here for the Chinese Translation

Click Here for the Italian Translation

Click Here for the Japanese Translation

Click Here for the Korean Translation

## Now Available in Paperback:

Click Here for the Paperback Edition

## A Washington Post Best Seller

## One of Business Week's Top Picks

## One of Foreign Affair's Top Ten Sellers of 2005
Read more...

[ Back ]

# Economic | S T R A T E G Y | Institute

**MAIN MENU**

HOME
RESEARCH
OP-EDS
IN THE NEWS
EVENTS
BLOG
SEARCH
ABOUT US

Home ▸ About Us

▸▸ MAP AND DIRECTIONS

The Economic Strategy Institute is located at:

3050 K St NW Suite 220
Washington DC
20007

The company can be reached by phone during regular business hours (EST) at:

(202) 965-1060 or by fax at: (202) 339-0880

Click on the item marked ESI Location below to see a detailed map of the area.

| | Filter | | Order | Ordering | Display # | 10 |
|---|---|---|---|---|---|---|

Item Title

ESI Location

<< Start < Prev 1 Next > End >>

Results 1 - 1 of 1

- **About the Institute** *( 3 items )*

- **Staff Bios** *( 8 items )*

- **Employment & Internships** *( 1 items )*

[ Back ]

# Economic | STRATEGY | Institute

Home ▸ About Us ▸ Who We Are

**MAIN MENU**

HOME

RESEARCH

OP-EDS

IN THE NEWS

EVENTS

BLOG

SEARCH

ABOUT US

## WHO WE ARE 

The Economic Strategy Institute (ESI) is a private, non-profit, non-partisan public policy research organization dedicated to assuring that globalization works with market forces to achieve maximum benefits rather than distorting markets, and imposing costs. This should be achieved on the basis of principles, policies, and institutions consistent with democratic values. Because security and national welfare will increasingly depend on performance in the global marketplace, the Economic Strategy Institute is particularly concerned with developing national and corporate strategies to assure that globalization takes place on a level playing field and the reality is mutually beneficial.

The Institute is a firm believer in markets, but it knows that all markets operate within boundaries of different rules and institutions. ESI studies and understands the importance of macroeconomic factors such as interest rates, exchange rates, and savings rates. But, unlike many economic policy organizations, *ESI places particular emphasis on institutional and structural factors and on the circumstances of the particular industries that make up the overall economy.* It is, after all, impossible to have a smoothly running machine if the key components are faulty. Accordingly, ESI analyzes major industries and technologies as well as domestic and international economic industrial policies.

Next >

[ Back ]

# Economic | STRATEGY | Institute

HOME
RESEARCH
OP-EDS
IN THE NEWS
EVENTS
BLOG
SEARCH
ABOUT US

Home ▸ About Us ▸ Where We Are Going

## WHERE WE ARE GOING

The growing importance of globalization and ESI's practical, business-like approach to the issues have made the institute a major player in government circles since its founding in 1989. ESI's staff shape opinion and strategy by publishing books, articles and editorials as well as by providing testimony to Congress and private consultation to government and business leaders. The institute also conducts a number of influential conferences and lectures throughout the year.

Over the past decade, ESI has had a major influence on the conclusion of the NAFTA and Uruguay Round negotiations, U.S. economic and trade policy towards Japan, China and Europe, and telecommunications, international aviation, and other important economic and trade issues. ESI has also helped shape strategy for a number of multinational corporations.

As we move into the next century, the world's marketplace will become even more complex to corporations, governments, and consumers. The Economic Strategy Institute is well suited to tackle these complexities and provide expert analyses and leadership on the important elements of the globalized economy.

< Prev        Next >

[ Back ]

# Economic |STRATEGY| Institute

**MAIN MENU**

HOME
RESEARCH
OP-EDS
IN THE NEWS
EVENTS
BLOG
SEARCH
ABOUT US

Home ▸ About Us ▸ What We Think

## WHAT WE THINK



As technology has shrunk time and distance over the past forty years, integration of the world's major markets into one global economy has proceeded at an increasingly rapid pace. This trend was greatly accelerated when the end of the Cold War opened virtually the entire world to the dynamism of capitalistic market forces.

Globalization is both necessary and desirable as rising costs of research and investment compel exploitation of worldwide markets and as nations realize that *being left out means being left behind*. But precisely because globalization is inevitable, the terms on which it is accomplished are of critical importance. Globalization based on fair and transparent rules, mutually open markets, equal treatment of investors regardless of nationality, and competitive business practices is different from globalization based on mercantilism, cartels, administrative guidance, and unchecked speculation.

**< Prev**

[ Back ]

# Economic | S T R A T E G Y | Institute

**MAIN MENU**

- HOME
- RESEARCH
- OP-EDS
- IN THE NEWS
- EVENTS
- BLOG
- SEARCH
- ABOUT US

Home ▸ About Us
▸▸ STAFF BIOS

Filter [　　　　　]    Order    Ordering    Display #    10

| Item Title |
| --- |
| Clyde V. Prestowitz, Jr. - President |
| Ben Carliner - Director of Research |
| Robert Cohen - Fellow |
| Kate Heidinger - Research Assistant |
| Carla Tena - Research Associate |
| David Brandin - Chief Technology Officer |
| Hiromi Murakami - Senior Research Associate |
| Gladys Scott - Executive Assistant to the President |

<< Start < Prev 1 Next > End >>

Results 1 - 8 of 8

- About the Institute  ( 3 items )

- Employment & Internships  ( 1 items )

- Map and Directions  ( 1 items )

The Economic Strategy Institute is located at:

3050 K St NW Suite 220
Washington DC
20007

The company can be reached by phone during regular business hours (EST) at:

(202) 965-1060 or by fax at: (202) 339-0880

Click on the item marked ESI Location below to see a detailed map of the area.

[ Back ]

# Clyde V. Prestowitz, Jr. - President

AREAS OF EXPERTISE: Globalization, Asia, Technology Policy, Business Strategy, Foreign Policy

Clyde Prestowitz is founder and President of the Economic Strategy
Institute. His leadership has propelled ESI into an important role in the public policy process, influencing and often
defining the terms of the debate in the areas of
international trade policy, economic competitiveness, and the effects of
globalization. Mr. Prestowitz has played key roles in achieving congressional passage of NAFTA and in shaping the final
content of the Uruguay Round, as well as providing the intellectual basis for current U.S. trade policies toward Japan,
China, and Korea.

Prior to founding ESI, Mr. Prestowitz served as counselor to the
Secretary of Commerce in the Reagan Administration. There, he led many
U.S. trade and investment negotiations with Japan, China, Latin
America, and Europe. Before joining the Commerce Department, he was a
senior businessman in the United States, Europe, Japan, and throughout
Asia and Latin America. He has served as vice chairman of the
President's Committee on Trade and Investment in the Pacific and sits
on the Intel Policy Advisory Board and the U.S. Export-Import Bank Advisory Board.

Clyde Prestowitz regularly writes for leading publications, including
the New York Times, the Washington Post, Fortune, and Foreign Affairs. He is the
author of the best-selling book on U.S.-Japan relations, Trading
Places, and co-author and editor of several other books on
international trade and business strategy including Asia After the
Miracle; Powernomics; Bit by Bit; The New North American Trade
Order; and Rogue Nation. His latest book, Three Billion New Capitalists: The Great Shift of Wealth and Power to the
East, deals with the economic rise of Asia and the upcoming rebalancing of the world economic order, and its impact on
the United States..

Mr. Prestowitz has a B.A. with honors from Swarthmore College; an M.A.
in East-West Policies and Economics from the East-West Center of the
University of Hawaii; and an M.B.A. from the Wharton Graduate School of
Business. He also studied at Keio University in Tokyo. He is fluent in
Japanese, Dutch, German, and French.

Email Address: presto@econstrat.org

Phone: 202.965.1060

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served on the following via

electronic mail and via the United States Postal Service on this 14th day of November, 2007:

Morgan Chu
mchu@irell.com
Gary N. Frischling
gfrischling@irell.com
Brian D. Ledahl
bledahl@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

*Attorneys for Economic Strategy Institute,*
*Clyde V. Prestowitz, Jr., and*
*Plaintiff FormFactor, Inc.*


        **/s/Kia L. Freeman**

Kia L. Freeman (D.C. Bar No. 469680)
*Attorney for Phicom Corporation*

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

2007 NOV 14 PM 4: 40

NANCY M.
MAYER WHITTINGTON

| | |
|---|---|
| **FORMFACTOR, INC.**, a Delaware Corporation, | CIVIL ACTION No. 05-6062-HO Pending in the United States District Court for the District of Oregon |
| Plaintiff, | |
| v. | District Judge _____ |
| **PHICOM CORPORATION**, a Korean Corporation, | MC 07-497 |
| Defendant. | |

**[PROPOSED] ORDER**

Upon consideration of Defendant Phicom Corporation's Motion to Compel discovery responsive to subpoenas served on July 9, 2007 and July 17, 2007 respectively, the response thereto, and the reply to the response, it is hereby ORDERED that said motion is GRANTED. The objections of third parties Economic Strategy Institute ("ESI") and Clyde V. Prestowitz, Jr. are overruled and ESI and Mr. Prestowitz shall produce documents and information sought by the subpoenas no later than _____.

**IT IS SO ORDERED.**

Dated: _____, 2007

_____

The Honorable