Paul Devinsky (D.C. Bar # 250373)
pdevinsky@mwe.com
McDERMOTT WILL & EMERY LLP
600 13th Street NW
Washington, D.C. 20005
Telephone: 202-756-8000
Fax: 202-756-8087

*Of counsel:*
Morgan Chu,
mchu@irell.com
Gary N. Frischling,
gfrischling@irell.com
Brian D. Ledahl,
bledahl@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: 310-277-1010
Fax: 310-203-7199

Attorneys for Plaintiff FormFactor, Inc.,
Economic Strategic Institute
and Clyde V. Prestowitz, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FORMFACTOR, INC., a Delaware corporation,**<br><br>Plaintiff,<br><br>vs.<br><br>**PHICOM CORPORATION, a Korean corporation,**<br><br>Defendant. | Misc. Civil Action No. 07-497 (ESH/JMF)<br><br>**OPPOSITION TO PHICOM CORPORATION'S MOTION TO COMPEL (DECLARATIONS OF ERIC CARSTEN AND CLYDE V. PRESTOWITZ, JR. FILED CONCURRENTLY HEREWITH)** |

Plaintiff FormFactor, Inc. ("FormFactor") and Non-Parties Economic Strategic Institute ("ESI") and Clyde V. Prestowitz, Jr., hereby respond to the Motion to Compel filed by Defendant Phicom Corporation ("Phicom").

I.    **PRELIMINARY STATEMENT**

Phicom's motion arises out of subpoenas issued in connection with patent infringement litigation brought by FormFactor in the U.S. District Court for the District of Oregon. Phicom's subpoenas seek discovery from an international trade consultant. Phicom has not and cannot articulate any reason why such discovery is relevant to the claims and defenses at issue in the patent infringement lawsuit. Phicom's moving papers offer no explanation of the alleged relevance of the materials sought. Phicom's failure to articulate any basis for its motion exposes the motion as nothing more than a ploy designed to harass FormFactor through third party discovery served on one of its consultants. Phicom fails to explain the basis for its allegations regarding Mr. Prestowitz or ESI. The declaration attached to Phicom's motion consists solely of web printouts suggesting that Mr. Prestowitz advises companies on international trade matters, which is undisputed. Phicom fails to explain how the materials it requests, such as the *travel documents and passports* of Mr. Prestowitz and his employees (topic 8 in both subpoenas), are relevant to the claims and defenses in the underlying patent litigation.

Phicom also fails to comply both with Federal Rule of Procedure 37(a)(1) and Local Rule 7.1(m), which require the movant to state that it *met and conferred in good faith* prior to asking for the Court's intervention. Phicom presumably failed to comply with these Rules, or attach *any* of the correspondence related to these subpoenas, because the correspondence demonstrates Phicom's admitted inability to articulate any legitimate purpose for the discovery. During discussions regarding these subpoenas, Phicom articulated only one possible basis for the alleged relevance of the discovery it seeks: that Mr. Prestowitz (or his company) might have documents relating to the merits of the underlying patent lawsuit. Counsel for Mr. Prestowitz and ESI informed Phicom more than two months before it filed the instant motion that Mr. Prestowitz and

- 1 -

ESI do not have any such documents. Since Phicom has failed to apprise this Court of these discussions, the relevant documents are attached to this opposition.

Phicom fails to show any proper basis for ordering discovery from Mr. Prestowitz or ESI. Instead, Phicom merely manufactures broad, unsupported complaints about FormFactor (framed to implicate Mr. Prestowitz), notably made without evidence or declaration. Such broad assertions do not create a basis for relief from this Court. As such, Mr. Prestowitz, ESI, and FormFactor respectfully submit that Phicom's motion should be denied in its entirety.

## II.    FACTUAL BACKGROUND

In March, 2005, FormFactor sued Phicom in the District of Oregon, alleging infringement of a number of FormFactor's U.S. Patents. These patents involve fundamental inventions that FormFactor developed in the field of probe card technology. Probe cards are devices used to test semiconductor chips (such as computer processors or memory chips) during the manufacturing process. FormFactor is a recognized innovator in probe card technology. A jury trial in the Oregon litigation is currently scheduled for April 2008.

In July, 2007, Phicom served two subpoenas on Mr. Clyde Prestowitz and ESI. Exs. A & C to Phicom's Motion. As noted in the website printouts attached to Phicom's motion, Mr. Prestowitz served as counselor to the Secretary of Commerce in the Reagan Administration. He is the president and founder of ESI, which is a private, non-profit, non-partisan public policy research organization. Prestowitz Decl., ¶ 2. ESI's research is focused on the issues of globalization, international trade, and the performance of global markets. *Id.*

In response to Phicom's subpoenas, Mr. Prestowitz and ESI served timely objections. Exs. B & D to Phicom's Motion. These objections satisfied the duties of Mr. Prestowitz and ESI under the Federal Rules. *See* Fed. R. Civ. P. 45(c)(2)(B). Attached to these objections served on July 20, 2007 (but missing from Phicom's motion) was a letter to Phicom from counsel for Mr. Prestowitz and ESI. Carsten Decl., Ex. A. The letter specifically notes counsel's desire to "better understand Phicom's position as to the relevance" of Mr. Prestowitz's deposition. *Id.* Phicom did not respond for almost a month.

On August 17, 2007, Phicom sent a letter purporting to express surprise that no documents had been produced in response to the subpoenas and threatening to seek judicial intervention. Carsten Decl., Ex. B. On August 22, 2007, counsel for Mr. Prestowitz and ESI responded to the letter, noting that it was Phicom's first communication regarding the subpoenas since the objections had been served, that Phicom had failed to make any effort to meet and confer, and that Phicom's conclusory assertion that the deposition topics manifestly demonstrate the relevance of the discovery sought was insufficient and incorrect. Carsten Decl., Ex. C. Counsel for Mr. Prestowitz and ESI again indicated his willingness to discuss the issues raised by the subpoenas, and asked Phicom's counsel to contact him with a proposed time to discuss. *Id.*

A telephonic call then took place, the substance of which ESI's counsel recorded in a September 19, 2007 letter. Carsten Decl., Ex. D. In this letter, counsel for ESI confirmed that Phicom had only articulated a single theory as to the possible relevance of the requested discovery to the Oregon litigation:

> During our September 6 telephone conference, Phicom explained, for the first time, why it believes discovery from Mr. Prestowitz and ESI is relevant to the claims and defenses in this case. Specifically, Phicom explained its belief that Mr. Prestowitz had communications with FormFactor personnel regarding this litigation which, you asserted, constituted discoverable admissions regarding the claims and defenses in this litigation. . . .

*Id.* The letter also specifically addressed whether Mr. Prestowitz and ESI had any responsive documents based on Phicom's articulation of the relevance of its discovery:

> . . . . Regardless of our views about the merit in this position, **Mr. Prestowitz and ESI do not have documents regarding this lawsuit.** Consequently, we do not believe that there are any responsive documents to produce in light of Phicom's explanation of its basis for seeking this discovery. Obviously, I am happy to discuss these issues with you further if Phicom wishes to do so.

*Id.* (emphasis added). The letter welcomed further discussion if Phicom was not satisfied. *Id.* But Phicom never responded, and never suggested that the account of the parties' discussions in the September 19th letter was in any way inaccurate. Instead, almost two months later, without

- 3 -

further articulating any further basis for its discovery requests, and without any further communication, Phicom filed the instant motion.

### III.    PHICOM'S MOTION FAILS TO SHOW THAT RELEVANT DISCOVERY HAS BEEN WITHHELD

Phicom's motion should be denied on a number of counts. First, the discovery requested in the subpoenas bears no relation to the Oregon litigation under which the subpoena was issued. Second, with respect to the limited discovery for which Phicom articulated a relevance argument, Mr. Prestowitz and ESI have no documents or information (as counsel informed Phicom months ago). Finally, Phicom's motion fails to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7(m). These rules require Phicom to attest to its efforts to resolve this dispute without the need for motion practice. Phicom carefully avoids any discussion of the meet and confer process, because Phicom there effectively conceded that it could not justify its requests as relevant to the claims and defenses in the underlying litigation. For all of these reasons, Phicom's motion should be denied.

### A.    Phicom's Requested Discovery Has No Relation To The Oregon Litigation

As a preliminary matter, Phicom's professed need for production of thirty-one broad categories of documents and things from Mr. Prestowitz and ESI is grounded on unsupported speculation. Phicom states that it has "reason to believe" that Mr. Prestowitz suggested certain things to Korean officials. Motion at 5. Phicom provides no explanation of *what* reason it has to believe this, and provides no declaration regarding these beliefs or any evidence supporting these beliefs. Instead, Phicom engages in a guessing game, building speculation upon speculation based on things it "sees no reason" Mr. Prestowitz would or would not do. These speculations do not create a relation between Mr. Prestowitz or ESI and the underlying patent litigation. Nor do they justify the incredibly broad discovery requests that Phicom has served.

In addition, Phicom's apparent desire to use this motion as an opportunity to air its general complaints about FormFactor also is not relevant and does not support the requested relief. Phicom states that the "underlying U.S. action is just one facet of the ongoing patent

disputes between the parties." Motion at 2. It may be one facet in the eyes of Phicom, but Phicom's subpoena to non-parties Mr. Prestowitz and ESI, on which it seeks to compel production with the aid of this Court, rests *solely* on the U.S. patent litigation in Oregon. Phicom may wish to discuss or investigate other disputes between it and FormFactor, but it cannot seek to use the subpoena power based on the Oregon litigation to further these goals, which are unrelated to the claims and defenses in the Oregon action.

A review of the categories of documents Phicom seeks confirms that the requested discovery bears no relation to the Oregon litigation and that Phicom's request must therefore be denied.

- Categories 2, 18, and 19[1] request documents and things concerning the basic relationship between Mr. Prestowitz or ESI and FormFactor, including engagement letters and "all billing statements." As discussed above, Mr. Prestowitz and ESI advise Formfactor regarding international trade matters, not patent litigation.

- Categories 3, 5, 13, 23, and 24 request all documents and things that cover any communications between ESI or Mr. Prestowitz and FormFactor, including "[a]ll documents and things that any FormFactor-Related Entities provided to Mr. Prestowitz or ESI" (category 5) and "[a]ll documents and things provided by Mr. Prestowitzs or ESI to any FormFactor-Related Entities" (category 13). To the extent these requests may encompass documents relating to the Oregon litigation, Mr. Prestowitz and ESI have no such documents, as discussed below.

- Categories 25 ("ESI's document retention policy") and 26 ("[a]ll resumes of Mr. Prestowitz") request documents wholly related to ESI and have nothing to do with the litigation in Oregon.

- Categories 20 and 6 refer broadly to technology matters. Category 20 requests "[a]ll documents and things concerning probe cards, or probe card assemblies, or testing of semiconductor devices by probe cards or probe card assemblies." Mr. Prestowitz is

---

[1] The categories of documents are identical in the two subpoenas.

neither an inventor nor engineer and is not involved in developing technologies related to probe cards. These requests, as drafted and directed to Mr. Prestowitz and ESI, do not relate to the claims or defenses of either party in the Oregon litigation.

- Categories 7, 9, 10, 14 relate to any purported meeting between Mr. Prestowitz and "any U.S. lawyer, or any U.S. government official . . . , or any Korean lawyers, or any Korean government official that took place in or after January 2006 and concerned either FormFactor, or Phicom, or any disputes between FormFactor and Phicom, or any customers of Phicom and FormFactor."[2] These requests cover, among other things, *any communication* concerning *any company* that is a customer of Phicom or FormFactor, which includes many of the most important semiconductor companies in the world. Again, these requests are incredibly overbroad and are not directed to any claim or defense in the underlying U.S. patent litigation.

- Category 8 requests "all travel documents of ESI personnel" for any travel related to any business with "any of the FormFactor-Related Entities." This request even demands "any passports used in such travels." How the passport of Mr. Prestowitz could relate in any way to any claim or defense in the patent litigation in Oregon defies reason.

- Categories 1, 11, and 22 both deal with disputes between FormFactor and Phicom, understood broadly. The global "disputes" between the companies, however, are not a basis for granting discovery in the underlying U.S. patent litigation.

- Category 4 refers to "any lawsuits or disputes between FormFactor and Phicom . . . ." To the extent that Category 4 refers to the underlying U.S. patent litigation, Mr. Prestowitz and ESI have no responsive documents, as discussed below.

- Categories 12 and 15 involve Phicom and the Korean litigation, and neither is directed to any claims or defenses of either party in the Oregon litigation.

---

[2]    Category 17 is similar, but changes the U.S. or Korean lawyer language to cover any third party.

- Categories 16 and 21 are even further removed, seeking documents related to Micronics Japan Co., Ltd., a third party unrelated to Phicom and not involved in the patent litigation in Oregon.
- Categories 27-31 request documents and things that Mr. Prestowitz "considered that provide him with any bases to opine" on various aspects of FormFactor's technology, Phicom's products, FormFactor's patent rights and the merits of any patent disputes or decisions by any Korean or U.S. court.  As discussed below, Mr. Prestowitz does not have any documents regarding the U.S. patent litigation.  Nor has he had communications with FormFactor related to the merits of the underlying patent dispute.

**B.     Mr. Prestowitz and ESI Have No Relevant Documents Or Information**

As explained above, during the meet and confer process, Phicom articulated its sole rationale for the relevance of the discovery it seeks to the Oregon litigation.  Phicom hypothesized that FormFactor personnel may have discussed the merits of the Oregon litigation with Mr. Prestowitz, and claimed that if such discussions occurred, these statements would constitute party admissions.  As counsel for Mr. Prestowitz and ESI explained in September, however, Mr. Prestowitz and ESI have no documents regarding the U.S. patent litigation. *See* Carsten Decl., Ex. D.  Mr. Prestowitz has also provided a declaration, stating that neither he nor ESI has documents relating to the substance of that lawsuit.  *See* Prestowitz Decl., ¶ 4.

Finally, although Phicom's motion fails to address it, one of the subpoenas also requests the production of Mr. Prestowitz for deposition.  Not only do Mr. Prestowitz and ESI not have any documents regarding the U.S. patent litigation, but Mr. Prestowitz has not had communications with FormFactor personnel regarding the substance of its U.S. patent infringement lawsuit with Phicom.  *See* Prestowitz Decl., ¶ 4.  Furthermore, Mr. Prestowitz's work requires him to travel overseas frequently, making it difficult to accommodate the scheduling of a deposition.  Counsel respectfully requests that the possibility of obtaining the

same (hypothetical) discovery through FormFactor executives, whom Phicom has already indicated it will depose, should be considered if the Court addresses depositions.

**C.      Phicom Fails To Comply With Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7(m)**

Federal Rule of Civil Procedure 37(a)(1) provides that where a party moves to compel discovery, the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Pro. 37(a)(1). Similarly, Local Rule 7(m) for the District Court in the District of Columbia provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

D.D.C. Civ. P. 7(m). Phicom fails to comply with either rule and presents none of the required statements in its motion. Its failure to provide these statements is emblematic of a larger problem: Phicom fails to provide the Court with any information regarding the parties' attempts to resolve this discovery dispute, including the representations that Phicom made during the meet and confer process. As explained above, Phicom's only purported explanation as to the relevance of these documents was addressed by counsel for Mr. Prestowitz and ESI two months ago, when he informed Phicom that Mr. Prestowitz and ESI had no documents regarding the U.S. patent litigation. Rather than address those facts, Phicom chose to ignore them and use this motion to make speculative assertions in the hopes of obtaining irrelevant discovery. These calculated decisions and the resulting procedural deficiencies in Phicom's motion provide this Court with another reason to deny Phicom's motion.

**IV.      CONCLUSION**

Phicom has failed to demonstrate that it is entitled to any relief on its motion to compel. Phicom has failed to articulate how the broad categories of documents it seeks from Mr.

- 8 -

Prestowitz and ESI relate to the underlying U.S. patent litigation in Oregon. With respect to the sole basis offered by Phicom to explain the alleged relevance of the discovery, Mr. Prestowitz has declared that he and ESI have no documents and that he had no substantive discussions regarding the merits of the U.S. patent litigation. Nothing more should be required. Phicom's failure to explain the meet and confer process that led to this motion not only reveals the weakness of its rationale for serving the discovery in the first place, but also violates rules that provide further justification for denying Phicom's motion. For all of these reasons, Mr. Prestowitz, ESI, and FormFactor respectfully submit that Phicom's motion should be denied in its entirety.

Dated this 29th day of November, 2007.

By: _____

Paul Devinsky (D.C. Bar # 250313)
McDERMOTT WILL & EMERY LLP
600 13th Street N.W.
Washington, D.C. 20005
Telephone: 202-756-8000
Fax: 202-756-8087

*Of counsel*:
Morgan Chu, *pro hac vice*
mchu@irell.com
Gary N. Frischling, *pro hac vice*
gfrischling@irell.com
Brian D. Ledahl, *pro hac vice*
bledahl@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone 310-277-1010
Fax 310-203-7199

Attorneys for Plaintiff
FormFactor, Inc., Economic Strategic
Institute and Clyde V. Prestowitz, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FORMFACTOR, INC., a Delaware corporation,**

        Plaintiff,

  vs.

**PHICOM CORPORATION, a Korean corporation,**

        Defendant.

Misc. Civil Action No. 07-497 (ESH/JMF)

**[PROPOSED] ORDER**

Upon consideration of Defendant Phicom Corporation's Motion to Compel, the response thereto, and the reply to the response, and the arguments of all parties appearing before this Court, it is hereby ORDERED that Phicom Corporation's motion is DENIED.

**IT IS SO ORDERED.**

Dated: _____,2007

 

_____

The Honorable John M. Facciola
United States Magistrate Judge

1786988.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FORMFACTOR, INC., a Delaware corporation,**

Plaintiff,

vs.

Misc. Civil Action No. 07-497 (ESH/JMF)

**PHICOM CORPORATION, a Korean corporation,**

Defendant.

## DECLARATION OF ERIC CARSTEN IN SUPPORT OF OPPOSITION TO PHICOM CORPORATION'S MOTION TO COMPEL

I, Eric Carsten, hereby declare as follows:

1.      I am an attorney at the law firm of Irell & Manella LLP, counsel of record for FormFactor, Inc. ("FormFactor") and for Clyde V. Prestowitz, Jr. and Economic Strategic Institute ("ESI") in the above-captioned action.  I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On July 20, 2007, FormFactor, ESI, and Mr. Prestowitz served objections to Phicom's subpoenas to Mr. Prestowitz and ESI.  A cover letter from my colleague Brian Ledahl was sent to Phicom with the objections.  A true and correct copy of that cover letter is attached hereto as Exhibit A.

3.      On August 17, 2007, Phicom sent a letter regarding documents sought by the Prestowitz and ESI subpoenas.   A true and correct copy of Phicom's letter is attached hereto as Exhibit B.

4.      On August 22, 2007, my colleague Brian Ledahl responded to Phicom's letter.  A true and correct copy of the August 22, 2007 letter from Brian Ledahl to Charles Suh, counsel for Phicom, is attached hereto as Exhibit C.

5.      On September 19, 2007, my colleague Brian Ledahl sent Phicom a letter memorializing the meet and confer discussions that had occurred.  A true and correct copy of this letter is attached hereto as Exhibit D.

Executed on November 29, 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Eric Carsten

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7927
bledahl@irell.com

July 20, 2007

**VIA FACSIMILE AND U.S. MAIL**

Charles H. Suh, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190

Re:    FormFactor, Inc. v. Phicom Corp.

Dear Charles:

Attached, please find objections to the subpoenas directed by Phicom to Clyde V. Prestowitz, Jr. and Economic Strategy Institute. Additionally, I write regarding Phicom's request for a deposition of Mr. Prestowitz. Mr. Prestowitz is not available for a deposition on July 30 as requested in the subpoena. Additionally, in light of the document requests in the subpoenas and our objections thereto, we would like to discuss the deposition of Mr. Prestowitz to better understand Phicom's position as to the relevance of this deposition.

Sincerely,

Brian D. Ledahl

BDL
Enclosures

1726593



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

Two Freedom Square ▪ 11955 Freedom Drive ▪ Reston, VA 20190-5675 ▪ 571.203.2700 ▪ Fax 202.408.4400
www.finnegan.com

CHARLES H. SUH
571.203.2477
charles.suh@finnegan.com

August 17, 2007

Brian D. Ledahl, Esq.                                          **VIA FACSIMILE**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

<u>FormFactor v. Phicom</u>

Dear Brian:

        We write concerning the subpoenas issued to Economic Strategy Institute ("ESI") and Mr. Clyde V. Prestowitz, Jr.

        It has been close to a month since the July 23 deadline for document production, and to date we have not received a single page of responsive documents. Regarding your objections, we disagree and do not believe that they constitute a reasonable basis for completely resisting production. Further, we believe that attorney-client privilege is inapplicable to Mr. Prestowitz and ESI, and if you disagree, then please provide us with an explanation.

        At a minimum, the deposition topics presented to ESI make it clear that the information sought from ESI and Mr. Prestowitz is highly relevant to the claims and defenses of this case, and we believe that a court would agree with us as well. So that we can avoid such judicial intervention, please let us know when we can expect to receive responsive documents, and when the witness(es) will be available for the depositions, by August 22, 2007.

                        Sincerely,

                        Charles H. Suh

CHS/smk

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7927
bledahl@irell.com

August 22, 2007

**VIA FACSIMILE**

Charles H. Suh, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190

        Re:    FormFactor, Inc. v. Phicom Corp.

Dear Charles:

        I write in response to your letter of August 17 regarding Phicom's subpoenas to Economic Strategy Institute ("ESI") and Clyde Prestowitz. Your letter suggests some expectation that ESI or Mr. Prestowitz would have produced documents in response to the subpoenas. As you know, objections were provided in response to the subpoenas. Your letter was the first communication regarding this matter since those objections were provided. Moreover, though your letter threatens "judicial intervention," Phicom has not made any effort, much less a reasonable and good-faith effort, to confer in an attempt to resolve these issues. Such efforts are required by both Federal Rule 37 and Local Rule 7 of the District Court for the District of Columbia. Phicom's conclusory assertion that the deposition topics presented to ESI demonstrate the relevance of the discovery sought is insufficient and incorrect. We are happy to discuss the issues raised by the subpoenas with you further, as proposed in my letter of July 20. Please contact me to propose an appropriate time to discuss these issues.

                                Sincerely,

                                Brian D. Ledahl

BDL

1743643

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7927
bledahl@irell.com

September 19, 2007

**VIA FACSIMILE**

Parmanand K. Sharma, Esq.
Finnegan Henderson Farabow Garrett &
Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

        Re:    FormFactor v. Phicom

Dear Anand:

        I write further to our prior discussions and your letter of September 6.

        We address the various items in your letter consistent with the headings therein.

**Inventor Notebooks and Development Materials**

        As I have indicated previously we believe that FormFactor has produced such materials as it has been able to locate through a reasonably diligent search effort.

**Redactions in Inventor Notebooks and Development Materials**

        As I have indicated previously, the limited redactions in the notebook materials produced by FormFactor are generally in the nature of telephone numbers. Specifically, in the notebooks produced at Bates Numbers 39094-39103; 39104-39128; 39129-39202; 39203-39309, the redactions referenced on those pages are all either telephone numbers, or in one instance an e-mail address, with the exception of material on pages 39173-39174. These two pages contain material totally unrelated to the other material in the notebook and unrelated to any issue in this case. The redaction on page 79256 reflects material subject to the privilege and will be included on a supplemental privilege log.

**FormFactor T2 and Blade Runner Type Probe Cards**

        In light of your recent communications about shipment of probe card samples, we are hopeful that both parties will be able to ship these card by the end of this week for delivery by Monday, Sept. 24. Please contact me to discuss these arrangements. Please ship

1754712

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Parmanand K. Sharma, Esq.
September 19, 2007
Page 2

Phicom's sample card(s) to my attention.  We will ship documents regarding the FormFactor cards at the same time.

### FormFactor S200 Type Probe Card Product

We will provide documents regarding this product along with our shipment of sample probe cards.

### U.S. and Foreign Prosecution Documents

We believe that we have now produced the files of both U.S. and foreign patent applications in the application families of the patents-in-suit.

### Intel Documents

As I have indicated previously, we believe that FormFactor has produced such materials as it has been able to locate through a reasonably diligent search effort with respect to development work conducted with Intel prior to the relevant priority dates for the patents-in-suit.

### NTK Documents

As I have indicated previously, we believe that FormFactor has produced such materials as it has been able to locate through a reasonably diligent search effort with respect to development work conducted with NTK prior to the relevant priority dates for the patents-in-suit.

### Substantive Documents in the MJC Case

We can now provide a copy of FormFactor's Amended Preliminary Infringement Contentions from the MJC case, a copy of which is attached hereto.  To date, we believe that this is the only "substantive" document from that case.  MJC has not yet served Preliminary Invalidity Contentions.

### Licenses and Products Licensed

As we have previously indicated, we believe we have previously produced FormFactor's license agreements, notwithstanding our view that these agreements are not relevant.  As we have also previously indicated, we are not aware of the sale of licensed products relevant to the patents-in-suit pursuant to any of these license agreements.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Parmanand K. Sharma, Esq.
September 19, 2007
Page 3

### FormFactor Advertising, Promotion, and Marketing Materials

As we have previously indicated, we believe that such materials were previously produced.

### Phicom's Interrogatory Number 17

In light of Phicom's new willingness to provide supplemental responses to FormFactor's interrogatories 1, 2 and 16 (as set forth in Charles Suh's letter of September 17, and in the interest of avoiding further dispute, FormFactor agrees to provide a supplemental response to Phicom's Interrogatory number 17.

### Documents from Mr. Prestowitz and Economic Strategy Institute

During our September 6 telephone conference, Phicom explained, for the first time, why it believes discovery from Mr. Prestowitz and ESI is relevant to the claims and defenses in this case. Specifically, Phicom explained its belief that Mr. Prestowitz had communications with FormFactor personnel regarding this litigation which, you asserted, constituted discoverable admissions regarding the claims and defenses in this litigation. Regardless of our views about the merit in this position, Mr. Prestowitz and ESI do not have documents regarding this lawsuit. Consequently, we do not believe that there are any responsive documents to produce in light of Phicom's explanation of its basis for seeking this discovery. Obviously, I am happy to discuss these issues with you further if Phicom wishes to do so.

### Additional Issues

On a separate matter, in reviewing Phicom's production, it does not appear that Phicom has produced documents regarding its +200 DUT MEMS Cards for DRAM, or its wafer one-touch MEMS Cards for NAND. For example, various documents relating to these products and their manufacture would be responsive to FormFactor's Document Request Number 1. If Phicom believes that it has already produced all documents related to this product, please identify them by Bates number. Alternatively, please produce such documents immediately.

Sincerely,

Brian D. Ledahl

1754712

## DECLARATION OF CLYDE PRESTOWITZ

I, Clyde Prestowitz, declare as follows:

1.     I have personal knowledge of the facts set forth herein and would testify thereto if called as a witness.

2.     I am the president and founder of the Economic Strategy Institute ("ESI"), a private, non-profit, non-partisan public policy research organization.  ESI's research is focused on issues of globalization, international trade, and the performance of global markets.  Among other activities, I sometimes provide consulting services on international trade issues to businesses.

3.     In connection with the U.S. patent infringement lawsuit pending in Oregon between FormFactor, Inc. and Phicom Corp., I received a subpoena for documents and a deposition and a separate subpoena to ESI, seeking the same documents.

4.     I understand that Phicom has explained its belief that I may have had substantive communications with FormFactor personnel regarding the claims and defenses asserted in the U.S. patent infringement lawsuit and that I may have documents relating to such matters.  I have not had communications with FormFactor personnel regarding the substance of its U.S. patent infringement lawsuit with Phicom, and neither I nor ESI has documents relating to the substance of this lawsuit.

5.     I understand that even though I do not have documents or information of the type Phicom seeks, that Phicom nonetheless wishes to take my deposition.  While I am certainly willing to appear for a deposition if the Court concludes that such a deposition is appropriate, making time to do so is a significant inconvenience.  For example, my work requires me to travel overseas very frequently, making it difficult to accommodate the additional scheduling of a deposition.

Executed on November 28, 2007, at Washington, D.C..

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Clyde Prestowitz

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document was served on the following

via electronic mail and via the United States Postal Service on this 29th day of

November, 2007:


        Richard L. Stroup, Esq.
        richard.stroup@finnegan.com
        Finnegan Henderson Farabow
          Garrett & Dunner LLP
        901 New York Avenue, N.W.
        Washington, DC 20001-4413


        Attorney for Phicom Corporation


        Paul Devinsky (D.C. Bar # 250373)
        Attorney for Economic Strategy
        Institute, Clyde V. Prestowitz, Jr.
        and Plaintiff FormFactor, Inc.

        McDermott Will & Emery LLP
        600 13th Street, N.W.
        Washington, D.C. 20005
        202-756-8000 (P)
        202-756-8087 (F)